No. 96.—James Morris, plaintiff in error, *vs.* S. M. Bradford and G. Walker, defendants.

[1.] To leave a copy of a bill in Chancery at the residence of the defendant, is a sufficient service, and also *prima facie* of an injunction ; but in a proceeding against defendant, for a contempt, he may purge himself of it, by a sworn denial of notice of the injunction.

[2.] A plaintiff in *fi. fa.* or his assignee, purchasing land under such *fi. fa.* the same having been enjoined, and there being a decree of a Court of Chancery, to which the plaintiff was a party, postponing it to other charges against the land, acquires no title by said purchase.

Ejectment, in Whitfield Superior Court. Tried before Judge Trippe, April Term, 1855.

This was an action brought by Bradford & Walker against Morris, to recover possession of lot No. 97, 13th dist. 3d sec. of said county. The land in dispute had been the property of Thos. Glascock, late of Richmond Co. The plaintiff, after showing the grant to Glascock, produced a deed to themselves, made by John Milledge as receiver of said estate, in pursuance of sale made under the authority of the Court of Equity of said county. Deed dated Oct. 5th, 1847. The plaintiffs then introduced the record from Richmond Superior Court, of a bill filed by certain parties, distributees of a certain estate, of which Glascock had been administrator, alleging that Glascock had funds of theirs in his hands ; that there were in existence several judgments against him, and they prayed an injunction against said judgment creditors, from enforcing their executions, and claimed that the estate of Glascock should be applied to pay off their demand, in preference to others.

To this bill Geo. W. Crawford, among others, was made a

party defendant as a judgment creditor, and the following is
the entry of service as to him :

" Left a copy of the within bill of injunction at the residence
of George W. Crawford, one of the defendants, this day, De-
cember 11th, 1841.

WILLIAM V. KEE, Sheriff R. C."

There was no answer of Crawford to the bill. The fol-
lowing is the decree in the cause : ·

Now at this term, 1844, comes the parties in interest be-
fore His Honor, JOHN SCHLEY, Judge; also comes the Jury,
Eugene Verderey, Edward Averd, Thomas Wylds, Abner
Read, Andrew G. Bull, George Robertson, George B. Car-
hart, George M. Newton, John D. Crane, Robert A. Reid,
Isaiah Pense, John J. Cohen, who, upon their oath do say :
In this case, the Jury find that there is due to the represen-
tatives of Priscilla Jones the following amounts, to-wit : to
the administrator of Isham Jones Seven Hundred and Twenty
Dollars Fifty-two Cents, to John Pond, executor of Milley
McGinley, Seven Hundred and Twenty Dollars Fifty-two
Cents, and to Fureby Griffin Seven Hundred and Twenty
Dollars Fifty-two Cents; and that there is due to James
Beard Two Hundred Ninety-two *Dollars*, and to Samuel
Young the sum of Eleven Hundred and Sixty-eight Dollars,
which amounts are to be made *pro rata* from such assets of
the defendant's estate as may be found, by the Master in
Chancery, to be in the hands of said administrator, or. may
hereafter come to his hands, to be administered in preference
to the claims of other persons.

ANDREW G. BULL, Foreman.

The following is the order appointing a receiver :

Morris *vs.* Bradford and Walker.

ISHAM JONES, *et al.*
*vs.*
ANDREW MCLEAN, administrator,
THOS. GLASCOCK, dec'd, *et al.*
} *In Equity.*

JAMES BEARD
*vs.*
SAME.
} *In Equity.*

SAM'L W. YOUNG
*vs.*
SAME.
} *In Equity.*

The defendant, Andrew McLean, having been, by the Court of Ordinary of Richmond County, removed from the administration of the estate of said Thomas Glascock, since the rendition of the verdict in said cases, and no other person applying for administration; and it being necessary that some person should be appointed to receive and to dispose of said estate: It is ordered, that William W. Holt be, and he is hereby appointed, receiver, with full power to sell and dispose of said estate, or any part thereof, wheresoever the same may be; and as such receiver, to give and to execute all necessary titles to the purchasers, retaining out of the proceeds his travelling and other expenses, and such commission as may hereafter be determined on by the Court. It is further ordered, that said receiver sell and dispose of said property, at such times, publicly or privately, and upon such terms, as he may think best; and that he report at each term of this Court hereafter, his proceedings in the premises. It is further ordered, that the accounts of said administrator be referred to the Master in Equity, and that he report thereon at the next term of this Court.

Subsequently, John Milledge was appointed instead of Judge Holt.

It was admitted that James Morris, in the latter part of the year 1845, purchased and took a written assignment from George W. Crawford, a *fieri facias*, that issued from the Inferior Court of Richmond County, the same *fi. fa.* referred to in the bill; and that in the year 1847, he, James Morris,

directed the Sheriff of, then Murray County, to levy on the lot of land in dispute; and that the Sheriff of the said Murray County sold the land on the first Tuesday in August, 1847, under said *fi. fa.* and James Morris became the purchaser. It was not pretended that James Morris had actual notice of the bill filed in Richmond County, or of the decree made in the case when he purchased the execution and bought the land.

Here the cause closed on both sides. Counsel for the defendant requested the Court to charge the Jury—

1st. That if George W. Crawford was not personally served with a copy of the bill and injunction—a copy being left at his house being insufficient service—he is not bound by the injunction unless he had personal notice of it; and a sale by the Sheriff to Morris, under the execution in Crawford's favor, is legal and valid.

2d. That if Crawford was served with a copy of the bill and injunction, the doctrine of *lis pendens* does not apply; and the sale of the lot of land to Morris by the Sheriff, under the execution in favor of Crawford, is valid, if the lot of land was not in dispute in the bill in Richmond County.

2d. That if Morris purchased the lot of land under the execution in favor of Crawford, after a decree rendered in the bill in Richmond, and without notice of the injunction or decree, his title acquired at Sheriff's sale, is not affected by the injunction and decree in the case in Richmond; and if the execution was obtained before filing of the bill, Morris has the better title.

4th. That if Morris was an innocent purchaser of the land, at Sheriff's sale, without actual notice of the suit in Richmond and the decree made, he has a good title to the land.

All of which charges the Court refused to give as requested, but charged the Jury, that in this State, according to law and practice of the Courts, service of a bill in Equity, by leaving a copy at defendant's most notorious place of abode, was sufficient service for all purposes, as to him, and that Crawford was bound by the injunction.

That the doctrine of *lis pendens* could have no application to Crawford in this case, he being a party to the bill of injunction, and served with it; and that *lis pendens* was constructive notice only to strangers to the bill; and that Crawford had actual notice by service on him.

That the bill in Equity in Richmond Superior Court, having enjoined the *fi. fa.* in favor of Crawford against Glascock, under which the premises in dispute were sold to Morris, and the bill taking the administration of the estate of Glascock out of the hands of his administrator, and disposing of the proceeds of said estate according to the equities claimed by the plaintiffs in said bill, it was a violation of said injunction for Crawford to proceed to sell said land under said *fi. fa.*; and so far as he was concerned, said sale was void and conveyed no title; and that Morris being the assignee of said *fi. fa.* was put in the place and stead of Crawford, and subject to the effect of the notice given Crawford by the bill served on him; and if, under these circumstances, Morris became the purchaser of said land at the Sheriff's sale, he was no more an innocent purchaser than Crawford would have been had he been the purchaser. That if, under these circumstances, the sale by the Sheriff of this lot of land was made and Morris became the purchaser, his deed from the Sheriff will be postponed in favor of the deed made under the decree of the Court of Equity of Richmond County.

To which charge as well as refusal to charge, as requested by defendant's Counsel, Counsel for defendant excepted.

The Jury returned a verdict for the plaintiffs for the premises in dispute, with cost of suit; and Counsel for defendant excepts and says:

First. That the Court erred in refusing to charge the Jury as requested by Counsel for defendant.

Second. That the Court erred in charging the Jury as he did charge them, and as is herein stated.

AKIN; HULL, for plaintiff in error.

WALKER, for defendants in error.

By the Court.—McDONALD, J. delivering the opinion.

The refusal of the Court to charge the Jury as requested by defendant's Counsel, and the charge of the Court to the Jury as given by him, are excepted to by said Counsel, and constitute the errors alleged against the decision of the Circuit Judge.

The first request raises the questions, of the sufficiency of the service of the bill and injunction on the defendant, Crawford, his obligation to obey it without personal notice, and the legality and validity of the sale made by the Sheriff to Morris; under the execution in favor of Crawford against Glascock.

[1.] The bill was served by leaving a copy "at the residence of George W. Crawford." The Statute declares, that a copy of the bill shall be served on the "opposite party," but does not prescribe the mode of service. (Cobb's New Dig. 467.) When the defendant resides out of the State, bills of injunction may be served on his Attorney or by publication. (Cobb, 524.) The service of the bill, as an original bill in Equity, without an injunction, was unquestionably sufficient. Was the service of the injunction such as to give it effect and to lay on the defendant an obligation to obey it? By a strongly controlling weight of authority, it was sufficient; and for the breach of it he might have been proceeded against for contempt. It is probable, from what was stated in the argument, that he might have purged himself of the contempt, by a sworn denial of personal service or a notice of the injunction. But that is not the question here. The record shows that the parties in interest came before the Court. The defendant, Crawford, was a party in interest. That

fact, (that the parties in interest came before the Court,) is stated in the decree of the Court, and the decree finds in favor of complainants, the amounts due them respectively; and it further finds, that they are to be paid from decedent's estate, in preference to the claims of other persons.

Whether the defendant, Crawford, had proper notice of the injunction or not, the service was sufficient to give force and effect to the decree against him. The decree was rendered in 1844. The execution was assigned to Morris in 1845. Morris stood in no better position than Crawford, in regard to the execution, and his power to enforce it. (*Cobb*, 499; 2 *Kelly's R.* 155.)

He, therefore, purchased under his own execution, with a decree of the Court of Chancery against him, postponing his judgment and execution to the claims for the satisfaction of which the receiver subsequently sold the land. He could acquire no title under such a purchase.

[2.] The Court very properly refused to charge the Jury as asked in the second request of defendant's Counsel. The decree of the Court of Chancery of Richmond County was against Crawford, and postponed his execution debt, in common with the claims of all other creditors of Glascock, to the charges against his estate for, the satisfaction of which the land in controversy was sold under the decree. The decree bound the entire estate of deceased, and the title to the land sued for was turned over to Holt, the receiver, by the dismissed administrator, as part of the assets of his estate. Although Morris is the purchaser of the execution, the law places him in the position of his assignor, and he must be considered as purchasing, under his own enjoined execution, with a decree in Chancery against him postponing his execution to the claim under which the plaintiff in ejectment purchased the land. His title, under such a sale, is void. *Roberts vs. Jackson*, (1 *Wend. R.* 485.)

The exceptions to the charge of the Court to the Jury, and to the refusal of the Court to give in charge the third and fourth requests of the defendant's Counsel, must be over-

ruled for reasons already assigned. · The judgment of the Court below is therefore affirmed.