## ANSON CRITCHER v. ADDISON McCADDEN.

The law favors trials *upon the merits;  Therefore,* where a judgment by a
Justice of the Peace, was given against the petitioner, in his absence,
and without his knowledge, and he was deprived of an appeal on
account of the irregularity of his proceedings therefor; where, besides,
he made an affidavit setting forth merits, and was not chargeable with
unreasonable delay in applying for such relief: *Held,* that he was enti-
tled to a *Recordari.*

PETITION for a *Recordari,* heard by *Watts, J.,* (April
29th 1869,) at Chambers, GRANVILLE Court.

The petition (filed March 6th 1869) alleged that a war-
rant against the petitioner was returned before Justices
Paschall and Satterwhite of Granville county, on the 10th of
February 1869; that the same was dismissed by them for
want of jurisdiction; that on the 14th, in his absence, and
without his knowledge, the matter was reconsidered by Jus-
tices Satterwhite and Cross, and judgment rendered against
him for some $74 00; that upon hearing of it, he took an
appeal, which he afterwards found to be *irregular,* because
taken in the *old* form, and not under the provisions of the
Code; that he had merits (setting them forth) &c.

Justice Paschall made affidavit confirming the statements
of the petition in regard to what had occurred at the first
trial of the warrant.

His Honor made an order for a *Recordari,* as prayed for,
on the 11th of March, but afterwards (April 26th 1869,) upon
a written affidavit being filed by McCadden, he recalled the
same, and the petitioner appealed.

*Rogers & Batchelor,* for the appellant.
*C. M. Busbee, contra.*

If the appeal failed through the fault or negligence of the
petitioner, he is not entitled to a *recordavi.  Satchwell* v.
*Respass,* 10 Ire. 365; *Baker* v. *Halstead,* Bus. 41; *Elliott* v.
*Jordan,* Ib. 298.

CRITCHER *v.* McCADDEN.

RODMAN, J.   We are not informed for what reason the Judge below reversed his order for a *recordari*.   A *recordari* is a substitute for an appeal from a judgment of a court not of record, where the appeal has been lost by fraud or accident.   It is contended in this court, that the plaintiff lost the benefit of an appeal through his own laches.   It does not appear so to us.   The plaintiff swears that the judgment was taken in his absence and without his knowledge, and after he had been informed by two Justices, Satterwhite and Paschall, that the action was dismissed for want of jurisdiction in the magistrates; he also swears that he has a meritorious defence, and that as soon as he heard of the judgment he took an appeal, which he afterwards discovered was irregular, and he soon thereafter applied for a *recordari*. The judgment was on Feb. 10th, and the application for a *recordari* on March 6th.   This statement is confirmed in the most important part, by the Justice, Paschall.   We think it sufficiently appears that the petitioner always intended to appeal, and that he was not guilty of unreasonable delay.   The law favors trials upon the merits, if applied for in reasonable time.   We think there was error in the order appealed from.   Upon the petitioner's entering into the proper undertakings, the Clerk of the Superior Court of Granville will put the action of *McCadden* v. *Critcher* upon the docket of his court, when the defendant therein shall be allowed to plead, and the action will be tried according to the course of the court.   The Clerk of Granville Superior Court will cause this order to be notified to the parties. Order reversed.   Let this opinion be certified.

PER CURIAM.                              Reversed.