B. D. HOWELL, Adm'r., &c. v. J. J. HARRELL.

It is an object in every system of procedure to have cases heard and determined upon their merits.   Therefore, a party has a right to move to set aside a judgment rendered against him within a year; and if that motion is abandoned for another proceeding, which is also given up, the whole proceedings may be considered as a continuation of the original motion.

(*Isler* v. *Brown*, 66 N. C. Rep. 506; *Critcher* v. *McCadden*, 64 N. C. Rep. 262, cited and approved.)

MOTION to set aside a judgment, heard by *Moore, J.*, at the Fall Term, 1873, of MARTIN Superior Court.

At .... Term, 18—, a judgment was entered in favor of the defendant against the plaintiff.   Thereafter and within the year, the plaintiff gave notice, under sec. 133 of the Code, of a motion to be made in this Court to set the judgment aside. This motion was heard at Fall Term, 1871, when the Judge being of opinion that a civil action, and not a motion on notice, was the proper remedy, suggested to the plaintiff to adopt that mode.

At that term the docket entry is, "motion dismissed at plaintiff's costs," but neither that nor any memorandum of a judgment was signed by the Judge.

Plaintiff instituted a civil action, which was at the return term dismissed, on the ground that the former proceeding by motion on notice was the proper and only mode of redress.

11

At this term, all the parties being before the Court, the plaintiff moved to reinstate upon the docket the cause as it was pending upon the original notice.  Upon the hearing of this application, his Honor refused the motion, expressly upon the ground that he had not the power to grant it.  From this judgment of the Court, the plaintiff appealed.

No counsel for appellant in this Court.
*J. A.* and *A. M. Moore,* contra.

RODMAN, J.  It is an object in every system of procedure to have cases heard and determined upon the merits.  If in any given case this cannot be done, it goes either to the discredit of the system or of its administration.

In the present case the plaintiff moved to set aside a judgment which had been obtained against him by surprise, &c., under C. C. P., sec. 133.  The motion was made in due time, and as a procedure was right; in deference to the opinion of the Judge on the form of the application, he abandoned it and commenced a civil action which the Judge considered wrong as to form ; in deference to the Judge he abandoned this application and moved to reinstate his original motion, which, as more than a year had passed since the judgment, the Judge considered he could not allow.  We think that there was no stage of the proceedings at which the Judge could not have heard the application on its merits.  The original motion was proper; the civil action, though more formal and expensive than a motion might have been considered a motion without injustice, on making the plaintiff pay any costs incurred through his unnecessary formality.  Under the peculiar circumstances of the case, we think we may not improperly consider all the several proceedings as merely stages of the same action.  The judgments of the Judge upon the forms of proceeding, as they were expressed, seem to have been in substance and purpose only interlocutory, and although the plaintiff might have treated any one of them as final so as to have appealed from it, yet we

think he was not bound to do so until the last, and that his appeal from that brings up the judgments of the Court in the previous stages of the action. This conclusion is sustained by the maxim, " *Actus legis nemini facit injuriam.*" In *Isler* v. *Brown*, 66 N. C., 506, the County Court had improperly refused to allow the plaintiff to take out execution upon a judgment recovered by him, whereby he failed to obtain a legal lien upon the land of the defendant. This Court held, that as the failure occurred alone by reason of the action of the Court, the plaintiff should not be injured by it, but that equitably his rights were the same as they would have been had he have been allowed to issue his execution when he might lawfully have done so. The present plaintiff commenced his proceeding to annul the judgment complained of in due time, and has constantly prosecuted it. No fault can be imputed to him except his failure to appeal from the first erroneous decision of the Judge, if that be a fault. We think it was an excusable one and not laches, and that he is entitled to have his application heard on its merits. *Critcher* v. *McCadden*, 64 N. C., 262.

PER CURIAM. Judgment below reversed, and case remanded to be proceeded in in conformity to this opinion.

The plaintiff will recover the costs of this Court.