# UNION TRUST COMPANY *v.* SOUTHERN INLAND NAVIGATION AND IMPROVEMENT COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF FLORIDA.

No. 191. Argued March 11, 12, 1889.—Decided April 22, 1889.

*County of Warren* v. *Marcy,* 97 U. S. 96, affirmed to the point that all persons dealing with property are bound to take notice of a suit pending with regard to the title thereto, and will, on their peril, purchase the same from any of the parties to the suit.

The conveyance by the trustees of the Internal Improvement Fund of Florida, on the 10th February, 1871, to the Southern Inland Navigation and Improvement Company was subject to such decree as the court might render in a suit commenced in the Circuit Court of the United States for the Northern District of Florida against said trustees and others on the 3d of November 1870; and as the Navigation and Improvement Company was a party to that suit, and as the decree of December 4, 1873, in that suit, rescinded the agreements which the company had with the trustees in respect of lands constituting a part of the trust fund and restored to that fund the lands conveyed or attempted to be conveyed to the company by the trustees, the said deed of February 10, 1871, and the mortgage by that company to the Union Trust Company of March 20, 1871, based upon it, are invalid as against the present trustees of the Internal Improvement Fund.

In EQUITY. Decree dismissing the bill. The case is stated in the opinion.

*Mr. J. C. Cooper* for appellant. *Mr. William Fullerton* was with him on the brief.

*Mr. Wayne McVeagh* for appellees.

MR. JUSTICE HARLAN delivered the opinion of the court.

This suit arises out of certain transactions connected with the execution of the act of the General Assembly of Florida, approved January 6, 1855, providing for and encouraging a liberal system of internal improvements in that State. Laws of Florida, 1854–1855, c. 610. By that act, so much of the five hundred thousand acres of land granted to Florida by the act of Congress of March 3, 1845, as remained unsold; the proceeds of the sale of such as were on hand and unappropriated; all proceeds thereafter accruing from similar sales; and all the swamp lands or lands subject to overflow, granted to Florida by the act of Congress approved September 28, 1850, with all the proceeds accrued and to accrue from their sale, were set apart and declared a distinct and separate fund, to be called "The Internal Improvement Fund of the State of Florida." The general object and scope of the act are stated in *State of Florida v. Anderson*, 91 U. S. 667, 670, 676, where it was said that these lands and their proceeds "were vested in the gov-

ernor, the comptroller, treasurer, attorney general and register of state lands, and their successors in office, in trust to dispose of the same and invest their proceeds, with power to pledge the fund for the payment of the interest on the bonds (to the extent of $10,000 per mile) which might be issued by any railroad companies constructing roads on certain lines indicated by the act. The companies, after completing their roads, were to pay, besides interest on their bonds, one per cent per annum on the amount thereof, to form a sinking fund for the ultimate payment of the principal. The act declared that the bonds should constitute a first lien or mortgage on the roads, their equipment and franchises; and, upon a failure on the part of any railroad company accepting the act, to provide the interest and the payments to the sinking fund as required thereby, it was made the duty of the trustees to take possession of the railroad and all its property, and advertise the same for sale at public auction." In the same case it was said that the trustees are merely agents of the State, invested with the legal title of the lands for their more convenient administration, and that the State remains in every respect the beneficial proprietor, subject to the guaranties which have been made to the holders of railroad bonds secured thereby. See also *Railroad Companies* v. *Schutte,* 103 U. S. 118; *Littlefield* v. *Improvement Fund Trustees,* 117 U. S. 419; *Vose* v. *Reed et. al., Trustees,* 1 Woods, 647; *Vose* v. *Trustees of Improvement Fund,* 2 Woods, 647.

On the 3d of November, 1870, Francis Vose brought a suit in equity in the Circuit Court of the United States for the Northern District of Florida, against said trustees and others. Among the defendants were the Florida Canal and Inland Transportation Company, the Southern Inland Navigation Company (described in some parts of the bill and in some of the interrogatories annexed as the Southern Inland Navigation and Improvement Company), the New York and Florida Lumber, Land and Improvement Company and M. S. Mickles, agent of the last-named company. The object of that suit was to obtain an injunction and decree protecting the Internal Improvement Fund against waste and misappropriation by the

trustees, to the injury of Vose and others, who held unpaid
bonds issued by the Florida Railroad Company in conformity
with the act of 1855. The bill charged that the trustees had
violated the law of their trust by misappropriating money
received by them, leaving unpaid past-due coupons, by neglect-
ing to collect the amount due the sinking-fund created by the
act of 1855, and by illegally conveying millions of acres of land
to corporations that had no right to receive them, and that
unless restrained they would continue to waste and misapply,
to the irreparable injury of the plaintiff Vose and others, the
fund entrusted to them for the use and purposes indicated in
the act. Among other allegations in the bill was one to the effect
that "on the 28th day of July, 1868, the said trustees by reso-
lution of that date, attempted to secure to the said Southern
Inland Navigation and Improvement Company forty thousand
acres, or thereabouts, of the said trust lands, and that about
the 1st of March, 1870, they entered into an agreement with
the said New York and Florida Lumber, Land and Improve-
ment Company, by which they undertook to convey one mil-
lion one hundred thousand acres of the same for the nominal
price of 10 cents an acre, and that this vast domain was and is
to be selected from the most valuable of the said trust lands."

On the 6th of December, 1870, the Circuit Court issued an
injunction to the trustees and their successors, commanding
them, among other things, to desist "from selling or donating
or disposing of the land belonging to said trust otherwise than
in strict accordance with the provisions of said act of 1855,"
and "from selling said lands for scrip or state warrants of
any kind, or for aught other than current money of the
United States." This injunction was duly served upon the
trustees within a few days after it was issued

On the 6th of February, 1871, an order was made reciting
the service of subpœna in chancery upon the "defendants" in
conformity with the rules and practice of the court, and the
bill was taken for confessed (except as to the defendant
Walker) for want of an answer, plea, or demurrer. The
trustees of the Internal Improvement Fund subsequently ap-
peared and were permitted to file their answer, controverting

the principal allegations of the bill. On the 10th of February, 1871, four days after the bill had been taken for confessed, a majority of the trustees, "for and in the consideration of the sum one dollar to them in hand paid," conveyed to the Southern Inland Navigation and Improvement Company one million three hundred and sixty thousand six hundred acres of land; and, shortly thereafter, March 20, 1871, the latter company mortgaged the above and other lands obtained from the trustees of the Internal Improvement Fund, to secure the payment of bonds for a very large amount which the mortgagor company proposed to issue.

By a decree rendered December 4, 1873, in the suit brought by Vose, it was among other things adjudged that "the contracts or agreements, entered into by the trustees of the Internal Improvement Fund with the corporation known as the Southern Inland Navigation and Improvement Company, be rescinded, and the same are hereby declared to be null and void, and the lands undertaken to be conveyed or contracted to be conveyed shall be restored to the said Internal Improvement Fund, and be subjected to sale by the agents appointed by decree of this court, rendered during the term in accordance with the provisions of said decree."

Subsequently, in May, 1875, the Southern Inland Navigation and Improvement Company filed its petition in the Vose suit, praying that the decree of December 4, 1873, be vacated, and it be permitted to file such pleadings as were necessary for the defence of its interests. The grounds upon which this relief was asked were that the company had not been made a party to the suit nor served with a subpœna. These grounds were controverted in an answer filed by Vose to the petition. The questions thus raised were heard by Mr. Justice Bradley, March 26, 1877, who found that the Southern Inland Navigation and Improvement Company was duly made a party to the bill filed by Vose, was served with process of subpœna thereon, and failed and neglected to appear and answer the bill. Its prayers to vacate the order or decree of December 4, 1873, and to permit it to file necessary pleadings in that suit was denied.

The present suit was instituted April 12, 1883, by the Union Trust Company of New York against the Southern Inland Navigation and Improvement Company and the trustees of the Internal Improvement Fund. Its object is to obtain a decree adjudging that the said trustees have no right, title or interest in the lands embraced in the mortgage of February 10, 1871; that the same are subject to said mortgage; and that the property so mortgaged be sold to pay the amount found to be due upon any outstanding bonds secured by that mortgage. The principal defence rests upon the above proceedings, orders and decrees in the Vose suit. The bill was dismissed with costs, and from the decree of dismissal the present appeal was prosecuted.

The argument at the bar covered several questions of an interesting character, which we do not deem it necessary to determine, as the decree below must be affirmed upon the ground that the deed of February 10, 1871, by the Trustees of the Internal Improvement Fund to the Southern Inland Navigation and Improvement Company — under which deed the present plaintiff, as mortgagee of the grantee, claims title — was made in violation of the injunction previously issued and served upon said trustees in the suit instituted by Vose. That suit, as we have seen, had for its object the protection of the rights of Vose and other holders of railroad bonds in the lands and money under the control of the trustees of the Internal Improvement Fund. The injunction bound the trustees, and they and all other parties to the suit, who were before the court, were concluded by the decree subsequently rendered in respect to the disposition of the lands that were the subject matter of the litigation. In *County of Warren* v. *Marcy*, 97 U. S. 96, 105, it was said to be a general rule that "all persons dealing with property are bound to take notice of a suit pending with regard to the title thereto, and will, on their peril, purchase the same from any of the parties to the suit." While this rule was said not to apply to negotiable securities, purchased before maturity, nor to articles of ordinary commerce sold in the usual way, it was held to be applicable in cases relating to land. And in support of this view was

cited the case of *Murray* v. *Ballou*, 1 Johns. Ch. 566, 576, in which Chancellor Kent laid it down as an established rule that " a *lis pendens*, duly prosecuted, and not collusive, is notice to a purchaser so as to affect and bind his interest by the decree; and the *lis pendens* begins from the service of the subpœna after the bill is filed." Here the Southern Inland Navigation and Improvement Company accepted a conveyance of the lands in question from the trustees of the Internal Improvement Fund, after service of the subpœna, and a copy of the injunction, upon the trustees, its grantors. That company, therefore, took its titles *pendente lite*, and its mortgagee, the Union Trust Company, was bound by the final decree rendered in the case to the same extent that it is bound.

It is, however, suggested that the Southern Inland Navigation and Improvement Company was not a party to the Vose suit, and consequently was not bound by that part of the decree of December 4, 1873, adjudging that the contracts or agreements entered into by the trustees with that company " be rescinded, and the same are declared null and void, and the lands undertaken to be conveyed, or contracted to be conveyed, shall be restored to the said Internal Improvement Fund, and be subjected to sale by the agents appointed by the court." To this suggestion there are two answers. *First.* The question whether the Southern Navigation and Improvement Company was a party defendant to the Vose suit, and therefore affected by the decree *pro confesso*, passed February 6, 1871, was determined adversely to it by the order of March 26, 1877, denying its application to have the order of December 4, 1873, set aside. From the order of March 26, 1877, no appeal was prosecuted; and in this collateral proceeding that order is to be taken as conclusively establishing the fact that the Southern Inland Navigation Company was a party to the Vose suit, was served with process of subpœna therein, and neglected to appear and answer the bill. *Second.* The relief granted in the Vose suit in respect to the agreement or contracts which the Southern Inland Navigation and Improvement Company claimed to have with the trustees of the Internal Improvement Fund was within the general scope of

that suit, and was fairly covered by the prayer for such relief as might be deemed just and equitable. Besides, if that company was a party to the Vose suit, and we have seen that it was, the decree, so far as it rescinds the agreement or contracts it had with the trustees, and restores to the Internal Improvement Fund the lands covered by these contracts, was not void. If erroneous, it could only be avoided by an appeal. It cannot be questioned in this collateral proceeding.

It results from what has been said that the conveyance by the trustees to the Southern Inland Navigation Company was subject to such decree as the court might render in the Vose suit; and as the decree of December 4, 1873, rescinded the agreements which the latter had with the former in respect to lands constituting a part of the trust fund, and restored to that fund the lands conveyed, or attempted to be conveyed, to that company by the trustees, the conveyance of February 10, 1871, and the mortgage of March 20, 1871, based upon it, is invalid as against the present trustees of the Internal Improvement Fund of Florida.

*Decree affirmed.*