### JONES *v.* SMITH *et al.*

*(Circuit Court, E. D. New York.   October 29, 1889.)*

RECEIVERS—APPOINTMENT AND DISCHARGE.

Pending the final determination of a suit concerning real property, a receiver will not be continued in possession of the property, where the filing of a notice of *lis pendens* and continuance of an existing injunction will effectually secure complainant's rights as to the *corpus*. As to the rents, those already collected should remain in the hands of the receiver until the final determination of the action, and future rents be secured by a bond.

On Reargument.   Motion to suspend receivership.
*Benjamin G. Hitchings*, for complainant.
*Edward K. Jones*, for defendants.

LACOMBE, J.   Upon the former argument, (38 Fed. Rep. 380,) as to the doctrine of *lis pendens*, the brief of defendants' counsel contained a separate point, in which it was contended that if the state statute applied the complainant should file his notice under it.   This point was overlooked by the court, and a reargument upon defendants' application is therefore proper.   Upon the entry of the decree the receiver was continued as to the leasehold property because it was assumed that in no other way could the *status quo* of the property, the conveyance of which to the defendants was attacked by the complainant, be successfully maintained. The point for consideration now is whether the rights of complainant can be secured by some other measure, less harsh than the continuance of the receivership.   He has a right to insist that the *corpus* of the property shall not be transferred until the final termination of the suit, and that the accumulated rents and profits, and those yet to be earned by it, shall not be dissipated.   He has no right, however, to insist on the continuance of the receivership as a means of coercing the defendants into a consent to waive oral argument in the supreme court, especially where, on an important branch of the case, they are appellants.   In the memorandum filed on the former motion it was substantially held that the

state statute applied as a rule of property, and that *lis pendens* in a federal court was not available as notice to innocent purchasers, unless notice thereof is filed, as the statute requires. By filing such notice, therefore, the complainant can effectually prevent the transfer of the property. Should it turn out, however, that the state statute does not apply, then, under the decisions of the supreme court which were considered on the prior motion, the old harsh doctrine of *lis pendens* will operate to effect the same result. The continuance of the injunction on the defendants, and the filing of a notice of *lis pendens,* will therefore secure complainant's rights as to the *corpus.* The rents, and so forth, already accumulated, may be secured by their remaining in the hands of the receiver, who should not be required to account till the final determination of the action. Future rents may undoubtedly be secured fully by a bond with sureties other than the defendants, and with liberty to move to substitute new sureties in case of future insolvency. This is all the complainant is entitled to demand. Defendants may proffer an order carrying out these views, and serve it on the other side, with notice of settlement as to form and as to amount of bond for future rents, etc., with an order to show cause why, upon filing such bond, the receivership should not be suspended.