## UNITED STATES v. COOPER.

(District Court, D. Montana.    May 29, 1912.)

### Nos. 946, 947, 948.

**1. Lis Pendens (§ 8*)—Commencement of Suit—Service of Process.**

A suit in equity by the United States to cancel patents to lands is not pending so as to charge a purchaser from defendant with notice until service of process on defendant or his voluntary entry of an appearance.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 13–19, 25; Dec. Dig. § 8.*]

**2. Process (§ 58*)—Acceptance of Service—Power of Attorney.**

An attorney cannot accept service of a subpœna in an equity suit for a defendant.

[Ed. Note.—For other cases, see Process, Dec. Dig. § 58.*]

**3. Public Lands (§ 120*)—Suit for Cancellation of Patent—Parties.**

In equity, the effect of an executory contract for the sale of lands is to vest the purchaser with the equitable title, and he is an indispensable party to a suit by the United States to cancel the patent to the lands.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

In Equity.   Suit by the United States against Frank D. Cooper. Objection to jurisdiction for want of indispensable parties.   Objection sustained.

Geo. W. Wickersham, U. S. Atty. Gen., and J. W. Freeman, U. S. Dist. Atty.

J. A. Walsh, for defendant.

BOURQUIN, District Judge.   These are actions to cancel patents to lands brought against the patentees' vendee.   The bills charge that the patentees procured thê patents by fraudulent representations, and that defendant took with notice thereof.   The answers deny the allegations of fraud, allege that defendant is a bona fide purchaser, and plead a sale of the lands involved before the actions were brought by defendant to one George Heaton.   Evidence was submitted before an examiner and by him reported to the court.   On the hearing defendant contended that the actions should be dismissed for want of Heaton as a party defendant, to which complainant responded that Heaton is a purchaser pendente lite.   The bills were filed December 7, 1909.

---

The subpœnas were not served on defendant, but the solicitor who thereafter and now in that capacity serves defendant in the actions accepted service of such subpœnas "for defendant" as "attorney for defendant" on December 18, 1909, filed herein præcipes for entry of his "name as solicitor for the defendant" on January 24, 1910, and filed answers herein on March 29, 1910. The evidence has been examined sufficiently to disclose that therein is a written contract between defendant and George Heaton of Iowa, dated December 13, 1909, acknowledged by defendant on that day and by Heaton on December 24, 1909, by the terms of which defendant sold and Heaton bought said lands and other land, Heaton to pay therefor in installments covering some six years, whereupon defendant is to convey the land by warranty deed to Heaton. It also appears that, when the evidence was submitted, Heaton's lessees were in possession of the lands.

[1] The complainant treated these matters of the contract and sale as proven, though indifferently proven. In the absence of other evidence, it must be presumed that the said contract was delivered and so became obligatory on the parties thereto, and the sale of the lands made, not later than the day the contract was acknowledged by Heaton. It follows that Heaton is not a purchaser pendente lite, for in equity it is the settled rule that an action is not lis pendens on the day the bill is filed or subpœna issued, but only from the day the subpœna is served or defendant appears, thus waiving such service. County of Warren v. Marcy, 97 U. S. 106, 24 L. Ed. 977; Trust Co. v. Company, 130 U. S. 571, 9 Sup. Ct. 606, 32 L. Ed. 1043; Pomeroy, Eq. § 633 et seq.

[2] An attorney cannot accept service of a subpœna for a defendant, and, when the solicitor had his name entered as solicitor for defendant (if an appearance by defendant waiving service of subpœna), the sale of the lands to Heaton had been made.

[3] In equity the effect of the executory contract of sale of the lands herein by defendant to Heaton, between themselves and as to complainant, at least, was to transfer the estate therein from the vendor to the vendee and to vest the latter with an equitable estate in and to the fee of the lands. The vendee is looked upon and treated as having the property in the lands and as the owner thereof. The vendor is trustee of the legal title to the lands for the vendee, to whom all beneficial interest has passed, the vendor retaining a lien on the lands as security for the unpaid purchase money. The vendor's remaining interest or right is of the nature of personal property, and the vendee's acquired interest or right is of the nature of real property. Pomeroy, Eq. § 368; Story, Eq. Jur. § 790.

The subject of these actions is the lands, the patents, and the legal and equitable estate and title in and to the lands. The object is to cancel the patents, to divest the title passed by said patents and the estate they evidence, and to restore the legal and equitable title and estate to the complainant. Any decree as prayed for therein must materially affect the interest of Heaton. If the patents are canceled, all title thereunder and all estate thereby evidenced, legal and equi-

table, are thereby divested from the patentees and all claiming under them and restored to complainant. Heaton's equitable estate would be destroyed and his right to secure the legal estate and title from defendant would be defeated. No decree of that nature can be rendered without prejudice to Heaton's rights. The consequence is that Heaton is an indispensable party defendant within the equity rules relating to parties. It is true he is not a bona fide purchaser, in that he had not paid the purchase money nor received a conveyance of the lands when the action became lis pendens as to him. But because of his interest he must have an opportunity to be heard. He may defend against the charge of fraud by the patentees, and he may uphold the bona fides of his vendor's purchase from the patentees, success in either of which would defeat the actions if they are otherwise maintained.

The actions are not to be dismissed, however. The answers merely plead a sale to George Heaton, without either date or his domicile. The contract of sale was not of record. The bills may be amended, and an order is made accordingly, to add George Heaton as party defendant, by interlineation so far as feasible and by attaching a separate paragraph to the bills to properly state the case as to him, and thereupon complainant may have other subpoenas issued and proceed to service thereof upon Heaton.

Thereafter the actions may proceed as the parties are advised.