J. H. GOBBLE ET AL. v. CLEVELAND ORRELL ET AL.

(Filed 12 November, 1913.)

1. **Divorce—Alimony—Injunction—Receivers.**

Pending an action for divorce by the wife, she was allowed a certain amount, to be paid monthly by the husband, and a receiver was appointed to take charge of his personal property to insure the payments, and an order issued restraining the husband

from selling his lands. By final decree, the wife obtained an absolute divorce, with adjudication for the payment of alimony, and a receiver was appointed to take charge of the realty and personal property of the husband, and to "pay the alimony out of the rents and profits of the lands, or the proceeds thereof, according to the terms of the decree," etc.: ` Held, the order and decree should be construed together, and as under the decree the receivership was ordered for the land, which was omitted from the prior order, and as the interest of the wife was fully protected by the receivership, the injunction or restraining order ceased to operate. The question as to the effect of a deed, made pending an injunction to sell the lands, discussed by WALKER, J.

2. Receivers—Divorce—Adverse Possession—Possession of Wife.

The possession of lands by a receiver is the possession of the court, and when a receiver has been appointed by the court to hold lands to pay alimony from its rents and profits, decreed to the wife to whom a divorce absolute has been granted, and the receiver has permitted the wife to remain on the land and retain the rents and profits in carrying the order into effect, her possession is not adverse to the husband, or those claiming under him, so as to bar their right to recover it under the statute of limitations.

APPEAL by defendants from Justice, J., at February Term, 1913, of DAVIDSON.

This is an action to recover the possession of land. Hiram Gobble originally owned it, and while he was owner, his then wife, Arena Gobble, obtained an absolute divorce from him at January Term, 1880. In the decree the court adjudged that alimony, in the sum of $400 per annum, be paid by Hiram Gobble to the plaintiff, and appointed a receiver, with directions to "pay out of the rents and profits of said land, or the proceeds thereof, the said alimony, according to the terms of the decree," that is, $400 annually until the death of Hiram Gobble, and $400 annually in four equal quarterly installments thereafter. An order had been previously issued by Judge Graves at Fall Term, 1878, restraining Hiram Gobble from selling or disposing of his real or personal property, and appointing the same person as receiver to take charge of the personal property, but not of the land. The receiver was directed in the preliminary order to sell so much of the personal effects de-

scribed therein as should be necessary to pay temporary alimony, $10 a month, then allowed by the court. The final judgment varies, as will be seen, from the preliminary order, in this respect, that it omits all reference to an injunction against selling the land, and puts the temporary receiver in charge of it, and the personalty, for the purpose of securing the alimony and its regular payment to the wife, who had secured the divorce, with directions hereinbefore stated. Hiram Gobble married a second time, and in 1892 he and his wife conveyed the land by mortgage, with power of sale, to J. M. Lomax, who, upon default in the payment of the debt secured by it, sold the land, under the power, and conveyed it to Robert H. Gobble, the purchaser, who died leaving plaintiffs as his heirs. Hiram Gobble died in 1910, and defendants are his heirs. Arena Gobble died in April, 1911. The receiver, who was a brother of Arena Gobble, collected the rents of the land at first; that is, after the first decree of divorce, his sister remaining on the land, as she had done before. The evidence is not clear as to whether he collected the rents all the time. The jury, under an instruction of the court to answer the issue "Yes," returned the following verdict:

1. Are the plaintiffs the owners and entitled to the possession of the lands described in the complaint? Answer: Yes.

2. What damage are plaintiffs entitled to recover of defendants? Answer: $150.

Judgment upon the verdict, and defendant appealed.

*E. E. Raper for plaintiff.*
*Walser & Walser for defendant.*

WALKER, J., after stating the case: It is apparent that plaintiffs are the owners of the land, unless the defendants have acquired it by inheritance from their father, who had mortgaged it to J. M. Lomax, it being afterwards sold by him under the mortgage to Robert A. Gobble, father of plaintiffs. Defendants contend that Hiram Gobble sold and conveyed the land in violation of an injunction issued by the court in the divorce suit, and that his deed is therefore invalid; and if this is not so, they

claim by the adverse possession of their mother for twenty years of the land after the decree was entered. But, in our opinion, neither defense is good or available in law to defeat the plaintiffs' recovery. In the first place, it is evident that the court, by omitting all reference to the injunction in the final decree and placing all of the property, both real and personal, in the hands of the receiver, with instructions to collect the rents and profits and pay the alimony, intended to dissolve the prior injunction as being, perhaps, unnecessary and futile, the receiver's possession being quite sufficient to secure the alimony to Mrs. Gobble, which was the object in making the order. The court continued the possession of the receiver as to the personal property and enlarged the former order by giving him possession and control of the land for the purpose of his resorting to the personal property and the rents and profits of the land to pay the amount of alimony as it matured. The clear inference, and the true construction of the order and decree, which must be taken together, is that the injunction, or restraining order, lapsed or ceased to operate, and the receivership as to all the property was substituted in its place, as being a perfectly adequate and sufficient remedy for the preservation of the wife's rights. The position as to the injunction, therefore, cannot be sustained.

While the point is not presented for decision, a reference to some of the authorities on the question, as to the effect of an injunction upon a deed made in violation of it, may not be out of place, and it will be seen that they are not altogether in perfect accord, some holding that the deed is voidable only to the extent of preventing its interference with the remedy of the party who obtained it, so that it will not be allowed to affect a substantial right of the other party or to deprive him of a substantial interest. If such a right or interest is not impaired, the act done or deed executed in violation of the writ is permitted to stand, or, in other words, it is always subject to the enforcement of the right and the protection of the interest. The other authorities seem to hold the act or deed to be void; but it may be that the apparent conflict can be reconciled, if proper

attention is given to the facts of each case decided, and the necessity of protecting the particular right involved, extending the principle in some cases and relaxing or modifying it in others to suit the facts and exigencies of the particular case. *Butter v. Niles,* 35 Hon. Pr. Rep. (N. Y.), 329, citing *People v. Sturtevant,* 9 N. Y., 263; 2 Spelling on Inj. and Extr. Rem., sec. 1133; *Union Trust Co. v. S. I. N. Y. Nav. and Imp. Co.,* 130 U. S., 565 (32 L. Ed., 1043); 2 High on Inj., sec. 1461; *Morris v. Bradford,* 19 Ga., 527, citing *Roberts v. Jackson,* 1 Wend. (N. Y.), 485; *Farnsworth v. Fowler,* 1 Swan. (31 Tenn.), 1; *Seligson v. Collins,* 64 Texas, 314; *Bissell v. Besson,* 47 N. J. Eq., 580; *Taylor v. Hopkins,* 40 Ill., 442; *Ward v. Billups,* 76 Texas, 466.

The general consensus seems to be that the act in contravention of the writ of injunction is not only punishable as a contempt of the court's authority, but will not be allowed to prejudice the right and remedy of the party in whose interest it issued; but whether, subject to this rule, it will be allowed to stand at all, the authorities are not agreed. We refer to the subject in passing, as the reference may be of some practical avail in the future. It does not affect the merits of this appeal, as we hold that the court did not continue the injunction permanently, conceding its power to do so, its first order being merely equivalent to one enjoining the defendant against selling the land to the hearing, or until the matter was disposed of by a final decree. But if it had been continued, the plaintiff in that suit, as we will see, was not injuriously affected by its violation, as it was issued to protect and preserve her right to alimony; and this she received in full, and consequently was in no way prejudiced by the mortgage to Lomax and the subsequent conveyance to Robert A. Gobble.

The other position advanced by defendants is equally untenable. They claim that as their mother was in possession for twenty years adversely, she acquired thereby a title to the land; but we cannot admit the premise from which this conclusion is drawn. Her possession was not adverse. The receiver, it appears, collected the rents and profits of the land and paid them

to her. The land was in the custody of the law, through him, and the judgment by which he was placed in the possession of it was given at her request. She could not take possession of the land and hold it adversely to the receiver, without being guilty of a contempt of the court by the violation of its order issued at her instance. High on Receivers (3 Ed.), 163. The receiver's possession is that of the court, taken for the purpose of securing the thing in controversy, so that it may be subject to such disposition as it may finally direct. High on Receivers, secs. 134, 135 *et seq.* The defendant in that suit was put out of possession by the judgment, as the receiver was ordered to collect the rents and profits and was entitled to control the possession for that purpose. This being so, the law will not allow the possession by the plaintiff to destroy his title, while he was thus forbidden to enter and assert it. We have an ancient maxim that the act of law shall prejudice no man. Broom's Maxims (6 Ed.), marg. pp. 127, 395. The maxim was applied in *Isler v. Brown,* 66 N. C., 557, and *Howell v. Harrell,* 71 N. C., 161, to prevent the loss of a right by inaction or passiveness caused by its order. It is a just rule, and our moral perceptions of right would be rudely shocked if any other were allowed to prevail and deprive a man of his rights, when by the act of the court or the law he was rendered powerless to protect or preserve them. Besides, there is no evidence here of notorious and adverse possession under a claim of right. The plaintiff in the other case evidently held the possession by consent of the receiver, and her occupation was subordinate to his dominion over the land as an officer of the court. She received the rents and profits in this way, in discharge of her claim for alimony, instead of requiring him to lease the land, collect the rents, and pay them over to her. We will not presume that she intended to do a wrong.

Our conclusion is that the instruction to the jury was correct. No error.