UNITED STATES v. COOPER et al.

(District Court, D. Montana.  January 20, 1914.)

Nos. 946-948.

1. PUBLIC LANDS (§ 120*)—SUIT FOR CANCELLATION OF PATENT—ISSUES AND PROOF.

Where the evidence in a suit for cancellation of a patent to land shows that the original entry was fraudulent, a defendant has the burden to allege and prove as an affirmative defense that he was a bona fide purchaser for value.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332-335; Dec. Dig. § 120.*]

2. LIMITATION OF ACTIONS (§ 126*)—SUIT FOR CANCELLATION OF LAND PATENT—PERSONS NOT PARTIES.

The bringing of a suit for the cancellation of a patent to land does not suspend the running of limitation in favor of a grantee, who purchased prior to the suit, until he is made a party.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 548-550; Dec. Dig. § 126.*]

3. PUBLIC LANDS (§ 120*)—SUIT FOR CANCELLATION OF PATENT—RELIEF.

In a suit by the United States for the cancellation of a patent to lands, which is barred as against the latest purchaser, who has not paid for the land, but not as against his grantor, who was first made the defendant, relief may be granted in the way of damages, by requiring the purchase money to be paid to complainant, with interest, in lieu of rents and profits for the time defendants have been in possession.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332-335; Dec. Dig. § 120.*]

In Equity. Suits by the United States against Frank D. Cooper and George Heaton. Decrees for complainant.

See, also, 196 Fed. 584.

Burton K. Wheeler, U. S. Atty., of Butte, Mont., and Homer G. Murphy, Asst. U. S. Atty., of Helena, Mont., for the United States.

James A. Walsh, of Helena, Mont., for defendant Cooper.

Day & Mapes, of Helena, Mont., for defendant Heaton.

BOURQUIN, District Judge.  These are suits to cancel homestead patents to public lands, brought against the patentees' vendee and the vendee of the latter.  The facts sufficiently appear in a previous decision.  196 Fed. 584.  The last vendee was made a party defendant subsequent to said decision.

Briefly, the court, mindful of the law that in suits to cancel patents for fraud the complainant is not entitled to recover unless the alleged fraud is established by clear, strong, unequivocal, and convincing proof, in quantity and quality commanding respect and producing conviction, after careful consideration of the evidence, finds the fraud alleged so proven, but in two only of the suits, and has made findings accordingly.  In the matter of the Freeman patent it appears his house upon the land involved was not built until the month of final proof,

and then by virtue of defendant Cooper's contract and payment. In Gilbert's case, the proof is there was no house and no improvements of any kind on the land for about the last two years of the time when he should have been resident thereon in compliance with conditions precedent to patent.

[1] That their final proofs were false, the patents not earned, and so procured by fraud, is proven. Cooper, their vendee, claiming to be a bona fide purchaser of their lands, by the foregoing proof the burden shifted to him to sustain his affirmative defense aforesaid. 20 Cyc. 751 et seq.; 39 Cyc. 1780; 2 Pom. Eq. § 759 et seq. He failed. He made no effort to prove the entrymen had complied with the law, but contented himself in mere affirmance of leading questions that he had paid a "money consideration" for the lands, did not know when he purchased that "it was claimed" that the entrymen had not complied with the law, and that he "purchased that land in good faith." The "money consideration" might have been $1, nominal, grossly inadequate, a "vile price," not a valuable consideration, and insufficient to support the plea of bona fide purchaser. See cases, 39 Cyc. 1700.

In view of all the circumstances, visible conditions on the lands, Cooper's adjacent and surrounding ranches, business, residence, his employment of the entrymen, the only reasonable inference is that Cooper had knowledge of the entrymen's noncompliance with the homestead law. But the burden on him to disprove notice, merely saying he did not know "it was claimed" they had not complied with the law, does not serve. As a matter of fact, it does not appear it was so claimed when he purchased, and his statement is far from a disclaimer of knowledge of the actual facts. His conclusion he purchased in good faith goes for nothing. Cooper's contract vendee, Heaton, not having paid for the lands, and not having the legal title, is not a bona fide purchaser.

[2] But the latter is entitled to the benefit of his plea of limitations. His answers claim it, the proof establishes it, and the mere oral statement of his counsel before the suits were set for final hearing that he would not appear, as it was arranged between him and Cooper that, if Cooper's title was upheld, Heaton would pay for the lands, otherwise not, is not sufficient to constitute waiver or abandonment of the plea. The sale contract binds Cooper to that—title or no sale. The statutory time of six years within which suits can be brought to vacate patents had run before Heaton was made a party defendant to the suits, and he did not purchase pendente lite. It is familiar law that suits do not suspend the running of limitations against those not parties and not purchasers pendente lite, and limitations run until they are made parties, then only the suits being "brought" as to parties brought in by amendment.

The suits are to cancel patents, to divest all estates created by the patents, and to revest them in complainant. Heaton has the equitable estate in and to the lands involved. He has vested rights therein. He is an indispensable party defendant. Subpoenaed to defend, it is his right to make any and all defenses, including that of limitations, even

as his predecessors in interest might under appropriate conditions. In equity, as at law, in defense of equitable estates, as well as legal ones, limitations and the statute here involved may be pleaded. It follows complainant cannot have the relief of cancellations. It is too late, limitations having run.

[3] But it does not follow that justice and equity cannot be done. Equity having power and the court having jurisdiction, decrees can conform to the exigencies of the suits and award appropriate relief under the complainant's general prayer. In cases like unto these, this relief takes the form of damages and of seizing upon the unpaid purchase price of the lands, for the value of the lands (taken to be the price for which Cooper sold to Heaton, in absence of other proof), interest, and costs, with a lien upon the lands to secure payment. See Dowell's Case (C. C.) 7 Fed. 881; Story, Eq. Jur. §§ 28, 439; Lockhart v. Leeds, 195 U. S. 437, 25 Sup. Ct. 76, 49 L. Ed. 263. For complainant was entitled to the special equitable relief prayed when the suits were commenced, but the right thereto is impracticable—failed—barred at time of decree.

Interest in lieu of rents and profits for the time defendants have had possession (the Cooper-Heaton contract shows this has been at least since said contract's date) is allowable in equity and is warranted by the law of the locality of the lands. There is no evidence of any sale by Heaton, nor of abandonment of possession by him.

Decrees accordingly.