### UNITED STATES v. OLZAK et al.

(District Court, D. New Jersey. July 18, 1925.)

Intoxicating liquors ⬅278—Lessees, acquiring interest after liquor nuisance abatement decree, without notice of pendency of suit, not entitled to relief.

Although, in suit for abatement of liquor nuisance, no notice of lis pendens, as required by state statute, was filed, lessees acquiring interest after final decree and without notice of abatement suit *held* not entitled to be relieved from decree, which merely affected use of land for a time, in view of National Prohibition Law, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), and Rev. St. § 914 (Comp. St. § 1537), providing that practice in equity in federal courts need not conform to practice in state courts.

In Equity. Bill by the United States for abatement of a nuisance on lands, where intoxicating liquor had been sold, against Joseph Olzak and another. On petition to be relieved of nuisance decree. Petition dismissed.

Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Jacob W. Silverman, of Newark, N. J., for petitioners.

BODINE, District Judge. The United States filed a bill in the usual form to abate a nuisance upon certain lands where intoxicating liquor had been sold contrary to law. The petitioners herein assert that they acquired a leasehold interest in the premises after final decree, but without notice of the pendency of the abatement suit, and that they are therefore entitled to be relieved therefrom because the state statute, requiring a lis pendens notice to be filed, was not complied with.

The National Prohibition Law provides that an action to abate a nuisance shall be

brought and tried as an action in equity. Title 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k). The practice in equity in the federal courts need not and does not conform to the practice in the state courts. Rev. St. § 914 (Comp. St. § 1537). "It has long been settled that the remedies afforded and modes of proceeding pursued in the federal courts, sitting as courts of equity, are not determined by local laws or rules of decision, but by general principles, rules, and usages of equity having uniform operation in those courts wherever sitting." Guffey v. Smith, 237 U. S. 114, 35 S. Ct. 530, 59 L. Ed. 856.

That the petitioners have no rights was settled in Mellen v. Moline Iron Works, 131 U. S. 352, 370, 9 S. Ct. 781, 787 (33 L. Ed. 178):

"We have considered the case just as if the present suit had been brought by Hill. The appellants have no greater rights than he would have if the present suit had been instituted by him; for Mellen, the trustee for Sophia H. Boyd, acquired his rights pendente lite. Hill sold and conveyed to him, after he had been personally served with copies of the order to appear and plead, answer, or demur, to the original and supplemental bills, and only three days before the time fixed for his appearance to the original suit. His sale was more than three months after he was required to appear, and plead, answer, or demur to the cross-bill. That sale and conveyance could not affect the power of the court to proceed to a final decree, so far as his interest in the property was concerned. Nor by such sale and conveyance did Mellen and his cestui que trust acquire any absolute right to become a party to the suit instituted by the furnace company. Purchasers of property involved in a pending suit may be admitted as parties, in the discretion of the court; but they cannot demand, as of absolute right, to be made parties, nor can they complain if they are compelled to abide by whatever decree the court may render, within the limits of its power, in respect to the interest their vendor had in the property purchased by them pendente lite. Eyster v. Gaff, 91 U. S. 521, 524 [23 L. Ed. 403]; Union Trust Co. v. Inland Navigation and Improvement Co., 130 U. S. 565 [9 S. Ct. 606, 32 L. Ed. 1043]; 1 Story's Eq. Jur. § 406; Murray v. Ballou, 1 Johns. Ch. [N. Y.] 566. As said by Sir William Grant, in Bishop of Winchester v. Paine, 11 Ves. 194, 197, 'the litigating parties are exempted from the necessity of taking any notice of a title so acquired. As to them it is as if no

such title existed. Otherwise, such suits would be indeterminable; or, which would be the same in effect, it would be in the pleasure of one party at what period the suit should be determined.' The present proceeding is an attempt, upon the part of a purchaser pendente lite, to relitigate, in an original, independent suit, the matters determined in the suit to which his vendor was a party. That cannot be permitted, consistently with the settled rules of equity practice."

In United States v. Timber Co., 236 F. 196, 149 C. C. A. 386, a state lis pendens statute was complied with. The action was brought in the federal court to set aside a land patent. The decision may rest upon the ground that title to land exists exclusively under the laws of the state, and that right can be acquired and dealt with only as the state law directs. See, also, Jones v. Smith (C. C.) 40 F. 314.

This is an action to abate a nuisance. It does no more than affect for a time the use to which the land may be put. The decisions in the Fifth and Second circuits have no application. In Ladew v. Tennessee Copper Co. (C. C.) 179 F. 245, 253, it was settled that an action to abate a nuisance was not an assertion of any claim or interest in the land. The New Jersey statute has no application.