SUSAN HANNA v. FIDELIA HANNA and others.

*Receivers, when appointed pendente lite.*

A receiver will not be appointed, *pendente lite,* upon a mere allegation that the party has reason to believe the property in dispute will be wasted or destroyed. The application in such case must state the grounds of apprehension, and the judge determines the reasonableness thereof upon the facts found by him.

(*Twitty* v. *Logan,* 80 N. C., 69; *Hughes* v. *Person,* 63 N. C., 548; *Wood* v. *Harrell,* 74 N. C., 338, cited and approved).

HANNA *v.* HANNA.

MOTION for the appointment of a receiver *pendente lite*, heard at January Term, 1883, of WAKE Superior Court, before *McKoy, J.*

The plaintiff appealed.

*Mr. Armistead Jones*, for plaintiff.

*Messrs. Argo & Wilder, Bledsoe & Bledsoe* and *S. G. Ryan*, for defendants.

SMITH, C. J.   The plaintiff institutes her action against the three infant children of the intestate husband by a former marriage, and their two grand-parents, to recover possession of various articles of personal property assigned and set apart for the year's support of herself and family.   Two of the defendants, being under the age of fifteen years, constituted part of the family, and the allowance was increased by the addition of one hundred dollars for each, under the statute, making the aggregate amount of five hundred dollars, the estimated value of the property assigned by the commissioners.   The plaintiff continued to reside in the house occupied by her husband with his children for some time after his death, when, having had her year's provisions laid off, and it seems, from the schedule, all his personal goods appropriated to meet the estimate, a controversy sprang up between herself and them, terminating in her departure and taking up her residence elsewhere and leaving the goods, consisting largely of household furniture and other articles of domestic use, upon the premises with the infant defendants of whom Fidelia alone had arrived at the age of fifteen years.   Pending the suit, the plaintiff applied to the judge for the appointment of a receiver to take charge of the property, supporting the same by her complaint and other affidavits, on the hearing of which, and the affidavits offered in opposition, he adjudged a receiver to be necessary to protect three of the assigned articles, a horse, a vice, and pork made from hogs, and refused to invest him with

authority to take into his possession and under his control the others specified in the complaint. From this ruling the plaintiff appeals.

From the affidavit of the defendant Fidelia, it appears that she claims most of the property mentioned in the complaint for herself and the younger children, as a gift from their mother in her life-time, and from others, and denies her father's right thereto, and the title of the plaintiff derived under the allotment.

It is alleged by the plaintiff in her complaint, and an additional affidavit filed, that the defendants killed and converted the hogs into meat for consumption—have attempted to sell the vice, and are unable to provide sustenance for the horse, but no other acts of waste are imputed; nor does it appear that any of the acts charged were committed after the commencement of the suit, or with any hostile intent towards the plaintiff's claim. It is asserted also that the defendants are without means to make good the results of recovery, if effected, and no other grounds, except those stated, are assigned for the plaintiff's apprehension of loss and damage unless the property is taken into the custody of a receiver; and the court is asked to take it from the defendants' possession, and, it may be, order a sale rendered necessary by the removal, before the contesting claims of title are decided.

We cannot see why an injunction against the sale or injurious use of the property would not adequately secure the fruits of an adjudication in favor of the plaintiff, without disturbing the defendants in their possession, while the latter might suffer serious loss, and prevent inconvenience if the goods should be withdrawn and converted into money. It is the duty of the judge in passing upon such a question, to consider the consequences of the proposed action to both parties, and not to needlessly injure the one for the purpose of obviating some slight disadvantage to the other.

The statute authorizes the appointment of a receiver before judgment, only when a party "establishes an apparent right to property," the subject of the action and in possession of the

adverse party, when it or its rents and profits are in danger of being *lost, or materially injured or impaired.* C. C. P., §215, *Twitty* v. *Logan*, 80 N. C., 69.

The case made upon the proofs does not show that the goods, left undisturbed and simply used for domestic purposes, are exposed to the hazards contemplated by the statute, that of loss or material injury or impairment in value, so as to call for the exercise of the power asked, and deprive the defendants of their custody, or that any danger menaces, against which a personal restraining order would not afford adequate defence; and should this prove insufficient, the plaintiff is still at liberty to ask for a further measure of relief.

The plaintiff has not chosen to resort to the summary process of claim and delivery of personal property, provided by the Code in section 176 and following, during litigation, by which she could have obtained the goods, or had them secured to await the result of the contest, and avoided the injury which the defendants may sustain by being deprived of their use in the meantime. But pretermitting this method of redress against apprehended loss, she demands its removal into the custody of an agency of the court, without indemnity to the defendants, should they establish their title.

The appointment of a receiver *pendente lite* is not a matter of strict right, but rests in the sound discretion of the court, and such order will not be made, unless, from all the circumstances, it appears that greater injury will ensue from leaving the property with its present possessors than from its removal into the custody of such officer, and in this regard, the interest of both parties will be considered, and the dangers of loss or injury must be imminent. High on Receivers, §§7, 8.

The application does not present a favorable aspect to invoke the stringent action of the court in interposing its authority in the manner demanded.

Again, we have the plaintiff's declaration of her belief that the goods left where they are, will be wasted or destroyed, and,

except in the acts of the defendants specified, and in their poverty and inability to make amends and to repair the damages which the property may suffer, assigns no facts as the grounds of such belief. The interlocutory order provides for the safety of those articles and places them in the receiver's hands, and it is the office of the judge to determine the *reasonableness* of the plaintiff's apprehensions, and, therefore, the facts upon which they rest; and the plaintiff must not content herself with a mere allegation that she "has reason to believe" that the same will be "wasted and destroyed," without assigning her grounds therefor, unless the court interposes. *Hughes* v. *Person,* 63 N. C., 548; *Wood* v. *Harrell,* 74 N. C., 338.

We therefore find no error in the ruling of the court of which the plaintiff can complain, and as the defendants acquiesce in the order, as restricted, the judgment must be affirmed.

No error.                                             Affirmed.