T. W. VENABLE et al. v. SAMUEL H. SMITH et al.

*Injunction—Receiver.*

It is the duty of the Court, in passing upon a motion for an injunction or the appointment of a receiver, to consider the consequences of such action upon both parties; and it ought not to interpose unless it is manifest that the property is being mismanaged and in danger of being lost, or that it is in the possession of an insolvent or unfit trustee.

(*Levenson* v. *Elson*, 88 N. C., 182, and *Hanna* v. *Hanna*, 89 N. C., 68, cited).

Motion for the appointment of a receiver, heard before *Boykin, Judge,* at May Term, 1887, of the Superior Court of FORSYTH county.

The plaintiffs, creditors of the defendant Samuel H. Smith, who have reduced their claims to judgment, and caused them to be docketed in the Superior Court of Forsyth, on behalf of themselves and other creditors seek to pursue and subject to their demands certain goods and a lot of land, which they allege were bought and paid for by the debtor, and by his direction title made to the defendant Maggie H., his wife, with intent to place them beyond the reach of final process.

The complaint alleges that the said Samuel H. is insolvent, and that, to evade payment of his indebtedness, in the year 1883 he assigned his interest in a drug store, which business he was then conducting, to his wife, who subsequently admitted the defendant N. C. Brown as a partner, and it was thereafter carried on in the name of Smith & Brown, the whole fund having been furnished by the said Samuel H.

The answer of the defendants Smith and wife denies the imputation of fraud, and says that the lot sold to one Allen, and from which the plantiffs charge that a large

sum of money, $2,700, was derived and invested in the drug business, was the separate estate of the said Maggie H., and while a portion of the proceeds were so appropriated most of it was expended in releasing the property from liens.

The defendant N. C. Brown, not originally in the action, but made a party after objection taken in the answer of the other defendants, answers, and says that he contributed one thousand dollars to the business, and has a corresponding interest in the store fixtures and stock of goods.

The plaintiff moved the Court to appoint a receiver to take charge of the goods, and read in support of the application the affidavit of the plaintiff James F. Newbold and an examination of the defendant Samuel H., taken before the clerk, while in opposition were read affidavits of each of the defendants and one from F. C. Brown, who, with his brother, W. C. Brown, bought out the share of the said Maggie H. after the commencement of the suit. The motion was denied, and the plaintiffs appealed.

*Mr. J. L. Patterson*, for the plaintiffs.
*Mr. C. B. Watson*, for the defendants.

SMITH, C. J., (after stating the case). The case comes before us in a form that requires us to examine the evidence and deduce the facts material in passing upon the interlocutory action of the Court:

1. It sufficiently appears from the proofs taken that the real estate is of value more than sufficient to satisfy all the claims set out in the complaint, nor is there any evidence of others to be provided for.

2. That the co-partners, Brown & Brown, now in possession of the goods, are carrying on the business in the usual way, disposing of and replenishing the stock as is needed, and that one, if not both of them, is solvent, and able to

meet any recovery the plaintiffs may be able to effect in the action.

3. That as there is no present necessity for the withdrawal of the goods from the custody of the possessors, for the security of the plaintiffs, the change might be attended with very injurious consequences to others and damage to the property itself.

4. That there is an unpaid residue of the purchase money for the share of the goods of the said Maggie H. bought by the said Browns, and for which they gave their note, to-wit, $997, which may be withheld as security for the plaintiffs' claims, and all the parties assented thereto.

While, then, the evidence is quite strong as to the *mala fides* of the dealings between the debtor and his wife, (a point upon which we express no opinion upon the case presented and heard only upon *ex parte* proofs, and leave it to be passed upon by the jury untrammelled by an expression of our own), we see no adequate reasons for taking the goods and the business out of the hands of the firm and committing them to an appointee of the Court.

In *Leverson* v. *Elson*, 88 N. C., where a similar application was made and refused, this Court said: " We are not called upon to pass on the validity of the assignment," assailed as are the transactions in this case for fraud, " in this collateral inquiry, and upon mere *ex parte* affidavits; we interpose only when it is manifest that the fund is mismanaged and in danger of being lost, or when the insolvency of an unfit trustee is present or imminent."

So it is said in *Hanna* v. *Hanna*, 89 N. C., 68: " We cannot see why an injunction against the sale or injurious use of the property would not adequately secure the fruits of an adjudication in favor of the plaintiff, without disturbing the defendants in their possession, while the latter might suffer serious loss, and prevent inconvenience, if the goods should be withdrawn and converted into money. It is the duty

of the Judge, in passing upon such a question, to *consider the consequences of the proposed action to both parties, and not to needlessly injure the one for the purpose of obviating some slight disadvantage to the other.*"

These considerations prevail in full force in the case before us, and guide us to the conclusion to sustain the ruling of the Judge in refusing to make the appointment, but without reference to his findings of fact. There is no error, and the judgment is affirmed.

Affirmed.