R. H. SIMMONS, et al. v. ALEXANDER ALLISON, et al.

*Receivers—Control of Property—Discretion of Court.*

The custody of a receiver is the custody of the law, and the court,
having power to instruct such receiver as to the exercise of
his duties, may, in its sound discretion, direct to whom the
property in the receiver's hands shall be rented. Unless
grossly abused, the exercise of such discretion is not review-
able.

PETITION of defendants to rehear case, in which a *per
curiam* judgment (without written opinion) was ren-
dered at February Term, 1895, of the Supreme Court,
affirming the judgment of *Winston, J.,* at October Term,
1894, of MECKLENBURG Superior Court.

· *Messrs Clarkson & Duls* and *J. W. Keerans,* for peti-
tioner.
*Messrs. Burwell, Walker & Cansler* and *George E. Wil
son, contra.*

CLARK, J.: Th s is a petition to rehear the former
decision of this Court as to the receivership in this case.
The custody of a receiver is the custody of the law, and
the judge had power to instruct the receiver as to the exer-
cise of his duties. He was under the supervision and con-
trol of the court. The property in his hands being a
church, it was eminently proper that it should not be
rented out for any other purpose, nor to any other denom-
ination. Also, in renting it out, it was within the discre-
tion of the court to direct it to be rented, if possible, in
accordance with the wishes of the larger part of the con-
gregation. · His Honor might inform himself to his own sat-

isfaction, as to that particular, by personal inquiry or by
affidavits, or by taking the sense of the congregation by
ballot, or in any other mode he might think proper. The
result of the inquiry thus made, or however made, was not
binding on the court, which might disregard the report
made to it by the receiver as to the wishes of the congre-
gation, and direct a renting to any other person. In fact,
on the report made as to the preferences of the congrega-
tion in regard to a renter, as thus ascertained, the court heard
exceptions and numerous affidavits, and finally made its
decision, and directed the receiver to whom to rent. Such
supervision and instruction of the receiver as to the rent-
ing of the property in his hands necessarily rest in the
sound discretion of the judge, and there is nothing to show
that it was abused on this occasion. The receiver was
directed to require a reasonable rent and security for its
payment. While the contestants had different preferences as
to a renter, the choice of renter could in no wise affect or
prejudice the legal rights of either party. The possession
of the renter would be the possession of the receiver, i. e.
the possession of the court. Before the litigation began,
the parties, describing themselves as "Trustees of the
African Methodist Episcopal Zion Church," by agreement,
placed the church in the possession of the sheriff, Z. T.
Smith, and the judge, after litigation begun, very consid-
erately and properly appointed the same person the receiver.
The former judgment of this Court is affirmed, and the
petition to rehear is dismissed.

Petition Dismissed.