### HULTBERG v. ANDERSON et al.

(Circuit Court, D. Kansas, First Division. January 7, 1909.)

No. 8,609.

1. COURTS (§ 312*)—JURISDICTION OF FEDERAL COURTS—SUITS BY ASSIGNEE.
   Where the assignee of a cause of action has reduced the same to judgment, in a subsequent action on the judgment in a federal court the citizenship of the original assignor is wholly immaterial on the question of the jurisdiction of such court.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 873; Dec. Dig. § 312.*]

2. COURTS (§ 307*)—JURISDICTION OF FEDERAL COURTS—LOCAL SUITS.
   A creditors' suit in a federal court by a judgment creditor to subject property within the district standing in the name of others to the payment of complainant's judgment is a local suit, of which, under the provisions of Act March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), the court has jurisdiction, notwithstanding the fact that neither complainant nor the judgment defendant is a citizen or resident of the district.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 307.*]

3. LIMITATION OF ACTIONS (§ 65*)—ACCRUAL OF RIGHT OF ACTION—CREDITORS' SUITS.
   Under the law of Kansas by which a creditor cannot maintain a suit to subject property standing in the name of third persons to his demand until he has reduced the same to judgment, limitation does not begin to run against such a suit until such judgment is rendered.
   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 346; Dec. Dig. § 65.*]

4. COURTS (§ 262*)—FEDERAL COURTS—JURISDICTION—ADEQUATE REMEDY AT LAW.
   Where a creditor has reduced his demand to judgment in a state court and exhausted his remedy at law therein, the fact that he might invoke the equity powers of such court, in which the distinction between law and equity is abolished by statute, does not give him a legal remedy which will defeat his right to maintain a creditors' suit in a federal court.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 262.*]

5. EQUITY (§ 150*)—PLEADING—MULTIFARIOUSNESS OF BILL.
   A bill by a judgment creditor to subject property alleged to have been fraudulently conveyed by the debtor to the payment of his judgment is not multifarious because different persons, each of whom holds a portion of the property, are joined as defendants.
   [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 371–379; Dec. Dig. § 150.*]

In Equity. On demurrers to bill.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harris F. Williams, David Ritchie, and E. C. Little, for plaintiff.

G. W. Hurd, E. Allen Frost, John J. Healy, and G. F. Gratton, for defendants.

POLLOCK, District Judge. Complainant, as assignee of the Swedish Evangelical Mission Covenant of America, on the 13th day of June, 1904, by the consideration of the circuit court of Cook county, Ill., in an action at law, procured a judgment against defendant Peter H. Anderson. From this judgment error was prosecuted to the Supreme Court of that state, without supersedeas, and by that court the judgment was affirmed.

On the 20th day of June, 1904, the judgment creditor therein, complainant herein, commenced his action at law in the district court of Dickinson county, this state, to recover judgment on the Illinois judgment. Property belonging to the judgment debtor, Peter H. Anderson, in the jurisdiction of that court, was attached, garnishment proceedings were commenced, and on the 31st day of January, 1907, by the consideration of that court, a judgment was duly entered in favor of the plaintiff therein against Peter H. Anderson in the sum of $264,-708 and costs of action. An execution was duly issued thereon, and a small sum collected by the sale of all of the property of the judgment debtor which could be found by the sheriff of that county standing in the name of the judgment debtor. This amount was applied on the judgment. Thereafter an alias execution was issued and returned by the sheriff nulla bona. It is charged in the bill the attachments issued were levied upon property claimed to be that of the judgment debtor but standing in the name of other persons. To the summons in garnishment the garnishees answered by a general denial.

Thereafter, and on the 7th day of September, 1907, the judgment creditor, complainant herein, a citizen and resident of the state of California, commenced this suit against the judgment debtor and his wife, citizens and residents of the state of Illinois, and those persons citizens of this state holding the legal title and possession of the lands averred to have been purchased with the money of Peter H. Anderson, theretofore attached in the action at law, to subject such lands to the payment of complainant's judgment; also, against those persons citizens and residents of this state against whom garnishment proceedings had been instituted in the law action in the state court, who, it is averred, hold money or property of the judgment debtor applicable to the payment of said judgment, to subject such personal property to the payment of the judgment.

To this bill defendant Andrew J. Anderson has filed a disclaimer as to certain property therein described, and plea of the statute of limitations of the state of Kansas in bar of the suit, and also a demurrer to the bill. Defendant Jennie K. Anderson filed her plea of the statute of limitations of the state of Kansas in bar of the suit; also a demurrer to the bill. Defendants who were summoned as garnishees in the law action in the state court, who, it is averred, have in their possession personal property or money belonging to the defendant Peter H. Anderson, have demurred to the bill, as have defendants Minnie Peterson, John R. Peterson, Matilda Hanson, Charles

Hanson, Annie Peterson, Oscar Hanson, Maggie Anderson Hjelm, Matilda C. Anderson, Ernst Linde, Albert Anderson, Nellie Anderson Hanson, C. P. Peterson, and G. E. H. Peterson, partners as Peterson Bros. Other defendants have answered herein. These separate pleas and demurrers were set down for hearing, and fully presented in oral argument and submitted on briefs of solicitors for the respective parties. The judgment debtor and his wife, defendants herein, being non-residents of this district and citizens of the state of Illinois, were brought in by constructive notice, as personal service of subpoena could not be made on them, and a decree pro confesso was entered against them on the 23d day of November, 1908.

Thereafter, and on the 25th day of November, 1908, they filed their so-called separate pleas to the jurisdiction of the court. These pleas are before the court on motion of complainant to strike out because filed after decree pro confesso taken against them without leave of court, and also because not certified by solicitors in compliance with the equity rules.

The pleas, motions, and demurrers, so stated, are now before the court for decision.

In so far as the separate pleas of defendants Peter H. Anderson and wife are concerned, and the motions to strike out because not certified as required by the rules, and because filed after decree pro confesso taken against the pleaders without leave of court, it is apparent such exceptions to the pleas might properly be sustained and the so-called pleas stricken out. However, as the pleas set forth matters going to an absolute want of jurisdiction in the court to proceed with the controversy at all, they will be examined and ruled on their merits also.

The matter set forth in the pleas is this: As shown on the face of the bill, complainant is, and was at the date of the commencement of the suit, a citizen and resident of the state of California. The defendants filing the separate pleas and the Swedish Evangelical Mission Covenant of America, assignor of complainant of the cause of action reduced to judgment in the state court of Illinois, are, and were at the date of the commencement of the suit, citizens of the state of Illinois. Therefore, it is contended the controversy presented by the bill is not within the jurisdiction of this court.

As the so-called pleas do not bring on the record any new matter, as is the office of a plea, but the challenge to the jurisdiction of the court is based on the bill itself, the so-called pleas may and will be treated as demurrers to the bill for want of jurisdiction.

The bill avers the cause of action on which the Illinois judgment was rendered was assigned complainant by the Swedish Evangelical Mission Covenant of America before judgment thereon. That in an action at law commenced in the district court of Dickinson county, this state, on such judgment, a new judgment was rendered against the judgment debtor by consideration of that court, hence complainant is the sole judgment creditor. Therefore, the citizenship of the assignor of the cause of action becomes wholly immaterial, although it may still be beneficially interested therein. McMullen v. Ritchie (C. C.) 64 Fed. 253; Harrison v. Hallum, 5 Cold. (Tenn.) 525; Hale

v. Horne, 21 Grat. (Va.) 112. A satisfaction of the judgment sought to be enforced in this suit by payment to complainant will be a satisfaction as to all parties claiming any beneficial interest therein. Therefore, in my judgment, both the assignor of complainant of the cause of action on which the judgments were rendered, and its citizenship, may be safely omitted from a consideration of the matter presented.

Again, complainant is a citizen of California, defendants Anderson and wife are citizens of Illinois; therefore, if this were a personal action against them, it is entirely clear it could not be maintained in this court without their consent. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; Western Loan Co. v. Butte & Boston Min. Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101. However, the purpose of this suit is not to obtain a personal judgment against Peter H. Anderson, for this complainant already has by the consideration of the district court of Dickinson county. The object and purpose of this suit is to subject property, real and personal, belonging to Anderson, standing in the name of others, to the satisfaction of this personal judgment already obtained. This will require the setting aside of contracts and conveyances made by or caused to have been made by Anderson in fraud of the rights of complainant, and to enforce liens obtained by complainant thereon. It is therefore a local and not a transitory controversy, and may be brought and maintained in this court under the provisions of section 8 of Act March 3, 1875, c. 137, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), unrepealed by the present judiciary act, notwithstanding the fact neither the complainant nor the Andersons are citizens, residents, or inhabitants of this district, and without their consent. Spencer et al. v. Kansas City Stockyards Company (C. C.) 56 Fed. 741; Lancaster v. Ashville Street Ry. Co. et al. (C. C.) 90 Fed. 129; Seybert v. Shamokin & Mt. C. Electric Ry. Co. et al. (C. C.) 110 Fed. 810.

It therefore follows, if the so-called pleas of Peter Anderson and wife should be treated as demurrers to the bill for want of jurisdiction, properly filed, the same must be overruled and denied. But as they were filed after decree pro confesso, taken without leave of court, the exception taken thereto by complainant in the nature of motions to strike the same out will be sustained.

This brings me to a consideration of the pleas in bar and demurrers filed by other defendants. In so far as the pleas in bar based on the statute of limitations of this state are concerned, it may be observed, it is quite well settled by the decisions of the Supreme Court of this state complainant was in no position to question the title of defendants before judgment obtained against his debtor Anderson, for the all-sufficient reason he might never be successful in obtaining such judgment. Neither could he proceed to the subjection of such property to the satisfaction of his demand until reduced to judgment by a court of this state, or a showing made that no such judgment could be obtained. National Tube Works v. Ballou, 146 U. S. 517, 13 Sup. Ct. 165, 36 L. Ed. 1070. There appears to have been no delay in commencing the action at law in the state court of Illinois,

and as soon as judgment was there obtained an action on such judgment was commenced in this state against the judgment debtor, and the only method possible in such law action to bring the property in dispute before the court was taken by the issuance and levy of an attachment thereon. While courts of equity will usually give force to state statutes of limitations on the ground of laches, yet, when it would be manifestly inequitable and unjust to do so, such pleas have been denied. I am not inclined, in view of the entire record in this suit, to sustain the pleas made, or to hold on this plea complainant without equity because of his laches in beginning this suit, preferring rather to rule that question on completed issues and full proofs. The pleas in bar are therefore denied.

Coming now to the separate demurrers filed to the bill, it may be said complainant shows by his bill to have pushed his demand against his judgment debtor in a law court of this state as far as a court of law had the power to grant him relief. He was therefore compelled to resort to a court of purely equitable cognizance, such as this, or to call into requisition the equitable powers of the state court, where the distinction between law and equity are abolished by statute and the procedure is fixed by law. He could proceed no further in the law action. Being thus confronted he brought this present suit. It is obvious the demurrer for want of equity, therefore, because of adequate remedy at law, is not well taken and must be overruled. And it is just as obvious the law action brought by him and pending in the state court no more bars his right to resort to the equity powers of this court than it presents an insuperable objection to his calling for the interposition of the equity powers possessed by the state court. Stanton et al. v. Embrey, Administrator, 93 U. S. 548, 23 L. Ed. 983, and cases cited.

The only remaining ground of demurrer to the bill is that of multifariousness. The avoidance of a multiplicity of suits is one of the many grounds for the interposition of the powers of a court of equity. As has been seen, the relief here sought by complainant in the bill presented is the subjection of the property of the judgment debtor to the payment of a single demand reduced to judgment. The fact that this property of the judgment debtor is found in the hands of many, instead of one person, does not render the bill multifarious. The object, scope, and purpose of the bill is the accomplishment of a single result, not many. It is therefore not multifarious in purpose. Von Auw v. Chicago Toy & Fancy Goods Co. (C. C.) 69 Fed. 448; Carter v. Hobbs (D. C.) 92 Fed. 594; Norcross v. Nathan (D. C.) 90 Fed. 414. Had complainant, instead of resorting to this court, where all of the parties asserted to be in the possession and control of property belonging to his judgment debtor may be brought in, and where all questions touching his rights thereto may be fully investigated, determined, and decreed in one suit, been compelled to pursue his remedy singly against such defendants in the state court, under the procedure there obtaining, it is manifest his action against each defendant would have constituted a separate trial therein. Thus an interminable multiplicity of suits or actions would have arisen, and his remedy would be neither complete, adequate, nor efficient, all of

which is avoided here by this one suit, where all matters touching his rights may be investigated and decreed.

It follows, the separate demurrers and pleas, and each and all of them, must be overruled and denied. It is so ordered.

Defendants, excepting the judgment debtor, Peter H. Anderson, and his wife, may answer the bill by the February rules, if so advised by their solicitors. Failing to so do, the bill will stand confessed against them. The judgment debtor and his wife may, if so advised by their solicitors, sufficient grounds appearing, within 15 days from this date, apply to this court for a vacation of the decree pro confesso entered against them, and for leave to answer the bill. If no such application be made within the time fixed, a final decree may enter in due course of procedure.