THE J. L. THOMPSON COMPANY v. HANNIBAL POPE ET AL.

(Filed 8 March, 1922.)

**Equity—Injunction—Receivers—Courts—Discretion.**

Where, in a suit in the nature of a creditor's bill, the plaintiffs applied for injunctive relief and the appointment of a receiver, the court may continue to the hearing the preliminary injunction and dismiss the temporary receivership, the latter being within his discretion and properly exercised, especially when it appears that the receivership was for property greatly disproportionate in value to the amount demanded in the action.

APPEAL by plaintiff from *Cranmer, J.,* at chambers, 23 November, 1921, from HARNETT.

THOMPSON *v.* POPE.

Civil action for debt, wherein plaintiff seeks to avoid certain conveyances as having been executed in fraud of the rights of creditors. He also asked for the appointment of a receiver, and for a restraining order, to the end that certain personal property might be held pending the determination of the rights of the parties. His Honor named a temporary receiver, and granted the plaintiff's application for an injunction, restraining the defendants from further disposing of any of the property described in the complaint. Upon the return of the initial order, the receivership was vacated and the receiver discharged, but the restraining order was continued to the hearing. Plaintiff appealed.

*L. J. Best for plaintiff.*
*Young & Best for defendants.*

STACY, J. The plaintiff brings this action in the nature of a creditor's bill, and alleges that the defendants have disposed of certain real estate, worth $20,000, with intent to defraud their creditors. Plaintiff's claim is for merchandise and supplies furnished, amounting in value to approximately $1,561.13. The correctness of this account is denied. At the instance of the plaintiff a temporary receiver was appointed, and the defendants restrained from disposing of the crops and certain personal property. Upon the return of said motion the receiver was discharged, and the restraining order continued to the hearing. The plaintiff appealed, because his Honor vacated the receivership and ordered the receiver discharged. We fail to see wherein the plaintiff's rights have been prejudiced by this action. True, it is stated in the record that the restraining order was also dissolved, but this does not so appear from the judgment.

The following is taken from the statement of case on appeal: "At the hearing the plaintiff introduced and relied upon the amended complaint and affidavit of J. L. Thompson Company in support of its motion, and the defendants, in support of their motion to vacate, relied upon the affidavit of Hannibal Pope, and additional affidavits as to the value of the land described in the complaint, which valuation was alleged by the defendants and admitted by the plaintiff to be approximately $20,000."

It would hardly seem commensurate with the rights of the parties to have a receiver appointed to take charge of property worth approximately $20,000, where the plaintiff's claim, in addition to being disputed, amounts to no more than $1,561.13, unless there were other and additional allegations to those appearing on the instant record. "The appointment of a receiver *pendente lite* is not a matter of strict right,

but rests in the sound discretion of the court, and such order will not be made unless from all the circumstances it appeàrs that greater injury will ensue from leaving the property with its present possessors than from its removal into the custody of such officer, and in this regard the interest of both parties will be considered, and the dangers of loss or injury must be imminent." *Hanna v. Hanna,* 89 N. C., 68.

No sufficient reason for disturbing the judgment has been assigned. Affirmed.