242 F.2d 227
 Paul DAYTON, Appellant,
v.
Whitney GILLILLAND, Pearl Carter Pace and Henry J. Clay, Constituting the Foreign Claims Settlement Commission of the United States, and George M. Humphrey as Secretary of the Treasury of the United States of America, Appellees.
 No. 13340.
 United States Court of Appeals District of Columbia Circuit.
 Argued January 23, 1957.
 Decided February 14, 1957.
 
 Mr. Paul Ackerman, Washington, D. C., with whom Mr. George Jovanovich, Washington, D. C., was on the brief, for appellant.
 Mr. B. Jenkins Middleton, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George Cochran Doub and Messrs. Oliver Gasch, U. S. Atty., and Samuel Slade, Atty., Dept. of Justice, were on the brief for appellees. Messrs. Lewis Carroll, Asst. U. S. Atty., and Robert L. Toomey, Asst. U. S. Atty. at the time record was filed, also entered appearances for appellees.
 Before EDGERTON, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this suit in the District Court, the essential allegations of the complaint were similar to those in De Vegvar v. Gillilland, 1955, 97 U.S.App.D.C. 126, 228 F.2d 640, certiorari denied, 1956, 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859, and the case was held in abeyance pending termination of the De Vegvar litigation. After the decision in that case the defendants-appellees moved to dismiss the present suit on the ground that the court lacked jurisdiction over the subject matter. The District Court granted the motion on the authority of De Vegvar. This action on its part was clearly correct.
 
 
 2
 The District Court also denied plaintiff-appellant's motion to amend his complaint. We think it acted properly in so doing, because the proposed amendment would not supply the deficiencies of the original complaint or give the court jurisdiction. Cf. Ledbetter v. Farmers Bank & Trust Co., 4 Cir., 142 F.2d 147, certiorari denied, 1944, 323 U.S. 719, 65 S.Ct. 48, 89 L.Ed. 578. The amendment would, among other things, allege that the plaintiff "has a property right in the Yugoslav Claims Fund," and that the action of the Commission deprived him of this property right "without due process of law in violation of the Fifth Amendment to the United States Constitution." These conclusory statements do not suffice to change the result called for by De Vegvar. Persons situated as is the plaintiff here "must claim solely by virtue of their interest in the fund created by the statute and under its terms they are not entitled to complain * * *" Z. & F. Assets Realization Corp. v. Hull, 1941, 311 U.S. 470, 489, 61 S.Ct. 351, 356, 85 L.Ed. 288. Certainly, too, there has been no taking of plaintiff's property by the United States. De Vegvar, supra, 97 U.S.App.D.C. at page 128, 228 F.2d at page 642.
 
 
 3
 The judgment of the District Court will accordingly be
 
 
 4
 Affirmed.