246 F.2d 682
 Lise HAAS, Appellant,
v.
George M. HUMPHREY, Secretary of the Treasury, Whitney Gillilland, Pearl Carter Pace, and Henry J. Clay, Constituting the Foreign Claims Settlement Commission of the United States, Appellees.
 No. 13728.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 29, 1957.
 Decided May 16, 1957.
 
 Mr. Irving R. M. Panzer, Washington, D. C., with whom Mr. Laurence S. Fordham, Washington, D. C., was on the brief, for appellant.
 Mr. B. Jenkins Middleton, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Samuel D. Slade, Atty., Dept. of Justice, were on the brief, for appellees.
 Before EDGERTON, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges.
 WASHINGTON, Circuit Judge.
 
 
 1
 Plaintiff-appellant brought suit in the United States District Court seeking a judgment that a decision of the Foreign Claims Settlement Commission "be declared to be contrary to law and null and void, and that plaintiff's claim be declared to be eligible for compensation from the Yugoslav Claims Fund." The case is thus of the same general sort as was presented in De Vegvar v. Gillilland, 1955, 97 U.S.App.D.C. 126, 228 F.2d 640, certiorari denied 1956, 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859. The District Court granted the Government's motion to dismiss, on the authority of that case, and this appeal followed.
 
 
 2
 It appears that the plaintiff was not a national of the United States at the time the property in question was taken by the Government of Yugoslavia, and that the decision of the Commission denying her claim was based on that ground.[1] The plaintiff admits non-citizenship, but says that this should not be a "disqualifying obstacle" in this case for a number of stated reasons, of which the principal ones are that the United States Government undertook to release her claim against the Government of Yugoslavia; that this was a taking of her property for which the Constitution requires compensation; and that officials of the State Department, prior to the signing of the treaty, had taken the position that she should be included among the beneficial owners of a claim which the State Department had undertaken to support and to negotiate with the Yugoslav Government.
 
 
 3
 The decision of the Commission denying Mrs. Haas' claim is not — under the circumstances — one that we are permitted to review under Section 4(h) of the International Claims Settlement Act of 1949,[2] as interpreted in De Vegvar. We may point out, however, that the Commission seems to have observed procedural due process in the consideration of her claim, and that its conclusion that she was barred by the terms of the treaty and of the Act from participation in the Fund because of her non-citizenship can hardly be said to be based on an unreasonable construction of the law. Appellant urges, contrary to the Commission's conclusion, that her claim against Yugoslavia was in fact released by the United States. But that is something we need not undertake to decide, as our disposition of the case would not in any event turn on the point. The Government cites to us Section 3 of the underlying treaty, and interprets it to mean that inasmuch as Mrs. Haas was not entitled to the treaty's benefits her claim against Yugoslavia was not released and remains alive.[3] If that is so, there has been no taking whatever of Mrs. Haas' property. If that is not so, it does not follow that the taking — if any there was — can or should be compensable from the Yugoslav Claims Fund, unless and until there has been an award by the Commission. See Meade v. United States, 1869, 9 Wall. 691, 76 U.S. 691, 19 L.Ed. 687. In any event, it does not follow that this court is empowered to set aside the Commission's adverse determination. See De Vegvar, supra, and Dayton v. Gillilland, 1957, 100 U.S.App.D.C. 75, 242 F.2d 227.
 
 
 4
 The judgment of the District Court will accordingly be
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Commission's final decision says in part:
 "The Commission, therefore, concludes that the claim of Lise Haas was not a claim of a national of the United States at the time of the taking of [the property] and was not settled by the Agreement of July 19, 1948, or within the jurisdiction of this Commission."
 
 
 [2]
 64 Stat. 13-18, 22 U.S.C.A. §§ 1621-1627
 
 
 [3]
 The appellees' brief says:
 "The Agreement [the Yugoslav Claims Agreement of 1948, 62 Stat. 2658 et seq.] does indeed provide for the payment by Yugoslavia of $17,000,000 `in full settlement and discharge of all claims of nationals of the United States against the Government of Yugoslavia' (Article 1(a) * * *). It is perfectly obvious, however, that this over-all `settlement and discharge' of claims of nationals did not effect the settlement or release of any individual claim until such time as that claim was `determined to be valid' by an `adjudication made by the agency established or otherwise designated by the Government of the United States to adjudicate claims settled under [the] Agreement * * *' (Article 1(c) * * *, emphasis added). This is particularly apparent with reference to claims in which nationality was a factor, since Article 3 specifically provides that `the claims of nationals of the United States to which reference is made in Article 1 of this Agreement do not include claims of individual nationals of the United States who did not possess such nationality at the time of the nationalization or other taking, which claims shall be subject to compensation by the Government of Yugoslavia * * *' (* * * emphasis added). This provision demonstrates not only that no individual claims were unconditionally settled, discharged or released on July 19, 1948, but that the obligation of Yugoslavia to appellant in particular was not released, since she did not acquire United States nationality until 1952."
 
 
 
 6
 WILBUR K. MILLER, Circuit Judge (concurring in the result).
 
 
 7
 I dissented in De Vegvar v. Gillilland, 1955, 97 U.S.App.D.C. 126, 228 F.2d 640, because I thought it was incorrectly decided. It stands, however, as the decision of this court and for that reason I felt bound to concur in Dayton v. Gillilland, 1957, 100 U.S.App.D.C. 75, 242 F. 2d 227. For the same reason I reluctantly concur in the result here.