**Harold NEBENZAL, Appellant,**

v.

**Edward D. RE et al., Appellees.**

**No. 21901.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 26, 1968.

Decided Dec. 30, 1968.

Petition for Rehearing Denied
Jan. 23, 1969.

Certiorari Denied May 26, 1969.
See 89 S.Ct. 1771.

---

Mr. Pieter J. Kooiman, New York City, N.Y., of the bar of the Court of Appeals of New York, *pro hac vic*, by special leave of court, for appellant. Mr. Franklin P. Gould, Washington, D. C., was on the brief for appellant.

Mrs. Patricia S. Baptiste, Atty., Department of Justice, with whom Asst. Atty. Gen., Edwin L. Weisl, Jr., Messrs. David G. Bress, U. S. Atty., and Alan S. Rosenthal, Atty., Department of Justice, were on the brief, for appellees.

Before FAHY, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.

FAHY, Senior Circuit Judge:

Under the War Claims Settlement Act of 1948 [1] the Foreign Claims Settlement Commission—the Commission—made an award to appellant of $412,000.00. The award was based on the destruction in Germany during World War II of film negatives of a German corporation then owned solely by appellant's father, from whom the claim came to appellant as his father's sole heir.[2] In its final decision the Commission found that at the time of the loss appellant, with regard to the destroyed property, was not a small business concern and accordingly was not entitled to priority of payment. With respect to such priority the Act provides for payment in full of awards in the general category of appellant's "to any claimant certified to the Commission by the Small Business Administration as having been, on the date of loss, damage, or destruction, a small business concern within the meaning now set forth in the Small Business Act * * *." 50 U.S.C. App. § 2017*l*(a) (1). The consequence of the decision of the Commission, if upheld, is that appellant's award, instead of being paid immediately in full, is entitled to payment immediately of only $10,000.00, plus a pro rata share of the balance of the Fund available for distribution. 50 U.S.C. App. § 2017*l*(a) (2) and (3).

Appellant sued the Commission and the Secretary to compel priority of payment, that is, immediate payment in full. The complaint alleged, and this is not in dispute, that the Small Business Administration had certified to the Commission that both the German corporation of appellant's father and appellant, at a time which coincided with the time of the loss by the German corporation, were small business concerns within the meaning of the Small Business Act.

On motion to dismiss filed by the Commission and the Secretary, and on motion for summary judgment filed by

---

1. 50 U.S.C.App. § 2001 et seq., §§ 2017–2017p.

2. No question arises as to the required United States nationality of appellant and his father. 50 U.S.C.App. § 2017c.

appellant, the court granted the former motion and denied the latter. The court relied upon the provisions of Section 2017n of the Act, incorporating by reference Section 2010. The latter reads in part:

> The action of the Commission in allowing or denying any claim under this title * * * shall be final and conclusive on all questions of law and fact and not subject to review by any other official of the United States or by any court by mandamus or otherwise, * * *.

50 U.S.C. App. § 2010.

We affirm.

■ The above provisions respecting review, considered with the legislative history of the Act which evidences Congress' intention to leave entirely to the Commission the disposition of such claims, should be given broad scope, comparable to that given like provisions of the statutes construed in the following decisions of our court: First National City Bank of New York v. Gilliland, 103 U.S.App.D.C. 219, 257 F.2d 223, cert. denied, 358 U.S. 837, 79 S.Ct. 61, 3 L.Ed.2d 73; applying 22 U.S.C. § 1641m; De Vegvar v. Gilliland, 97 U.S.App.D.C. 126, 228 F.2d 640, cert. denied, 350 U.S. 994, 76 S.Ct. 543, 100 L.Ed. 859, applying 22 U.S.C. § 1623h. And see American and European Agencies, Inc. v. Gilliland, 101 U.S.App.D.C. 104, 247 F.2d 95, cert. denied, 355 U.S. 884, 78 S.Ct. 152, 2 L.Ed.2d 114; Dayton v. Gilliland, 100 U.S.App.D.C. 75, 242 F.2d 227, cert. denied, 355 U.S. 813, 78 S.Ct. 13, 2 L.Ed.2d 31.

■ Appellant, however, points to the language of Section 2017l(a) that,

> The Secretary of the Treasury shall pay out of the War Claims Fund on account of awards certified by the Commission * * * in the following order of priority:

then comes the language calling for payment in full to a claimant certified to the Commission as a small business concern at the time of the loss. While it is true that such a certification of appellant's status was made by the Small Business Administration, it is also true that, as the Commission decided, appellant, not having been the owner of the property at the time of the loss was not, "with regard to this property" at that time, a small business concern.

We think this decision with its accompanying legal conclusion that appellant was not entitled to priority of payment was made by the Commission with respect to a question of law and fact "in allowing or denying" a claim, and as such is not reviewable by the courts. True, as appellant urges, the decision having to do with the issue of priority of payment rather than the merits of the claim is in one sense not "action of the Commission in allowing or denying" a claim. But in another sense it is. It is action which embodies a condition accompanying allowance. It attaches to the claim as allowed. Moreover the certification of the Small Business Administration is made to the Commission, not to the Secretary of the Treasury who makes the payments. The Commission certifies the award to the Secretary. It is this certification upon which the Secretary acts. The Act does not provide that the Commission's certification be in the exact form of that of the Small Business Administration or that it be unaccompanied by the Commission's view of the legal effect of the certification of the Small Business Administration. The Commission decided that the award was not to a claimant who came within the class of those whose claims were to be paid in full, since appellant's character as a small business concern at the time of the loss by another did not bring appellant within the priority-of-payment provisions of the Act. It would be inconsistent with the congressional grant of final authority to the Commission for the courts to compel a result different from this reasonable interpretation of the status of appellant's claim under the Act.

Affirmed.