**Alma AVRAMOVA and Victoria Gershon et al., Plaintiffs,**

v.

**The UNITED STATES of America et al., Defendants.**

**No. 69 Civ. 2884.**

United States District Court, S. D. New York.

Jan. 22, 1973.

Brashich & Finley, New York City, for plaintiffs; John W. Finley, Jr., New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., for defendants; Joel B. Harris, Asst. U. S. Atty., of counsel.

### MEMORANDUM

BONSAL, District Judge.

Defendants, the United States of America; David M. Kennedy as Secretary of the Treasury; Mrs. Dorothy Andrews Elston as Treasurer of the United States; and Leonard von B. Sutton, Theodore Jaffe, and Sidney Freidberg as members of the Foreign Claims Settlement Commission ("Commission"), move pursuant to Rules 12(b)(1), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure to dismiss the complaint on the grounds that the court lacks jurisdiction over the subject matter of the complaint, that the complaint fails to state a claim on which relief can be granted, and that plaintiffs have failed to prosecute their action.

Pursuant to the 1955 amendments to the International Claims Settlement Act of 1949 ("Act"), the Commission was established to administer and disburse funds to United States citizens who had lost their property in specified foreign countries. 22 U.S.C. §§ 1621 et seq. Under these amendments, a claims program was established for the benefit of United States citizens so that they could obtain partial compensation for war damage, nationalization, and pre-war government debt claims against the governments of Bulgaria, Hungary and Rumania which countries were not included in any claims program under the Act in 1949. Funds to compensate these claimants were derived from the liquidation of blocked assets in the United States belonging to the governments of Bulgaria, Hungary and Rumania and their nationals and sold pursuant to 22 U.S.C. § 1631a.

Title III of the Act as amended dealt specifically with Bulgaria. 22 U.S.C. § 1641. Under 22 U.S.C. § 1641a, the Bulgarian Claims Fund ("Fund") was created in the Treasury, which Fund was to be comprised of the proceeds of the liquidation of blocked assets in the United States belonging to the Government of Bulgaria and its nationals. The Commission was authorized to adjudicate claims of United States citizens against Bulgaria for uncompensated confiscations of property prior to August 9, 1955. (22 U.S.C. § 1641b(2).) Payments made pursuant to these adjudications were to come exclusively from the Fund. 22 U.S.C. § 1641h. All claims which had been adjudicated to be less than $1,000 were to be paid in full and all claims adjudicated in excess of $1,000 were to be paid $1,000 and their pro-rata share of the rest of the Fund. 22 U.S.C. § 1641i. Under the Act as amended, payments of less than the full award would not extinguish the claims of individuals against the Bulgarian Government. 22 U.S.C. § 1641*l*. The claims program un-

der the 1955 amendments was completed on August 9, 1959. 22 U.S.C. § 1641o.

On July 2, 1963, the United States entered into an Executive Agreement ("Agreement") with the Government of Bulgaria settling all claims of United States citizens against the Bulgarian Government for an additional $400,000. There was no provision, however, for disbursing the $400,000 received, for the Commission did not have any authority to implement the Agreement under the Act as amended in 1955. On July 20, 1968, Congress incorporated the Agreement into Title III of the Act and authorized the Commission to receive and disburse the additional funds. 22 U.S.C. § 1641a(b); 1968 U.S.Code Cong. & Admin.News, p. 2717. In addition, Congress enlarged the eligibility of the claimants by allowing claims to be filed by United States citizens who suffered uncompensated confiscations of property by Bulgaria between August 9, 1955 and the effective date of the Agreement. 22 U.S.C. § 1641b(4). The new claims were paid in equal proportion to payments previously made on the old claims, and any money remaining from the $400,000 lump sum payment was to be divided among the old and new claimants on a pro-rata basis. 22 U.S.C. § 1641i(a)(6).

From the complaint, which is accepted as true for the purposes of defendants' motion (Lumbermens Mutual Casualty Co. v. Borden Co., 241 F.Supp. 683, 691 (S.D.N.Y.1965); Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744 (S.D.N.Y.1966)), the following facts appear.

Plaintiffs instituted this action against defendants on July 2, 1969 on behalf of themselves and other claimants who had suffered uncompensated confiscations of their property by Bulgaria prior to August 9, 1955 and whose claims had been adjudicated by the Commission in the amount of $6,571,825. These claimants were paid $2,613,325, which exhausted the Fund.

Plaintiffs seek review of the Commission's adjudications of claims pursuant to 22 U.S.C. § 1641b(4) and a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring the Agreement and 22 U.S.C. § 1641b(4) to be unconstitutional on the grounds that plaintiffs and members of their class were deprived without due process of law of their property rights which vested when their claims were adjudicated by the Commission.

■ The Act prohibits judicial review of adjudications of claims made by the Commission. 22 U.S.C. § 1641m. See also American and European Agencies v. Gillilland, 101 U.S.App.D.C. 104, 247 F.2d 95, 96–97, cert. denied, 355 U.S. 884, 78 S.Ct. 152, 2 L.Ed.2d 114 (1957); Nebenzal v. Re, 132 U.S.App.D.C. 254, 407 F.2d 717 (1968), cert. denied, 395 U.S. 920, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969); Fraenkel v. United States, 320 F.Supp. 605, 607 (S.D.N.Y. 1970), aff'd Mem. (2d Cir., Sept. 13, 1971), rehearing denied (2d Cir. Nov. 13, 1971). Accordingly, the court lacks subject matter jurisdiction to review the Commission's adjudications of claims pursuant to 22 U.S.C. § 1641b(4).

■ Plaintiffs' constitutional claims are without merit. The adjudication of their claims by the Commission did not give rise to any vested property rights to payment of those claims. 22 U.S.C. §§ 1626(f), 1641q; Fraenkel v. United States, *supra*, 320 F.Supp. at 607; First National City Bank of New York v. Gillilland, 103 U.S.App.D.C. 219, 257 F.2d 223, 227, cert. denied, 358 U.S. 837, 79 S.Ct. 61, 3 L.Ed.2d 73 (1958). See also Cummings, Attorney General v. Deutsche Bank and Disconto Gesellschaft, 300 U.S. 115, 122, 57 S.Ct. 359, 81 L.Ed. 545 (1937); Z & F Assets Realization Corp. v. Hull, Secretary of State, 311 U.S. 470, 485–486, 61 S.Ct. 351, 85 L.Ed. 288 (1941). Moreover, the Agreement was constitutionally valid without the consent of the Senate, for the settling of claims of United States citizens against foreign countries is within the implied powers given to the Executive by the Constitution. United States v. Pink, Superintendent of Insurance of the State of New York, 315 U.S. 203,

229–230, 62 S.Ct. 552, 86 L.Ed. 796 (1942). See also United States v. Belmont, et al., Executors, 301 U.S. 324, 330–331, 57 S.Ct. 758, 81 L.Ed. 1134 (1937); Ozanic v. United States, 188 F.2d 228 (2d Cir.1951); State of Russia v. National City Bank of New York, 69 F.2d 44 (2d Cir.1934). In addition, the 1968 amendments to the Act, which were passed by both houses of Congress, provided for the distribution of the $400,000 received under the Agreement. 22 U.S.C. § 1641a(b). Accordingly, plaintiffs have not stated a claim for which relief can be granted.

In light of the above, it is unnecessary to decide defendants' motion to dismiss for failure to prosecute.

In light of the foregoing, defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6), F.R.Civ.P., is granted.*

Settle order on notice.

---

* In light of the dismissal of the complaint, plaintiffs' motions for discovery and class determination are moot.